UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Patrick George,

      PETITIONER-PLAINTIFF

      vs.

New York State Div. of Parole et, al.

      RESPONDENT-DEFENDANT

---

RECEIVED
OCT - 1 2016
PRO SE OFFICE

15-MC-2396 (BMC)

Case N0.: ~~95-cv-1786~~

APPLICATION FR ENTRY OF
DEFAULT AGAINST:

New York State Div. of Parole
et, al.

Writ of Habeas Corpus

---

To the Clerk of the United States Court Eastern District of New York:

As provided by Rule 55 (a) of the Federal Rules of Civil Procedure,

Petitioner Patrick George request that the Clerk enter the Default of the following

Defendant for failure to plead or otherwise defend against this action in a timely

manner:

**Name of Defendant:** New York State Div. of Parole et, al.

1) As evidenced by the proof of service on file with this Court, the above-

    named Defendant was served pursuant to Rule 4 of the Federal Rules of

    Civil Procedure on May 22nd, 1995

1. The applicable time limit for the aboved-named Defendant otherwise

respond to this action expired on July 31, 1995.

The aboved-named Defendants have failed to plead or otherwise respond

to the complaint.

## MEMORANDUM OF LAW

"If, however, the appeal is from an interlocutory order, the district court retains jurisdiction to act on matters not involved in the appeal unless an order is entered staying the remainder of the proceedings. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 378-79 (1985)"

"A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. *If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b)."*

"Failing to respond to a court's order can also result in an entry of default. For example, in Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310, defaults were entered against both the defendant partnership and the defendant partners. at 1306. A default was entered against the defendant partnership because it failed to

2

appear at a court ordered status conference. at 1307, Similarly, a
default was entered against the defendant partners after they
did not appear at scheduled conferences. The Second Circuit
found that a "cavalier disregard" for a court order falls within the
meaning of Rule 55(a). at 1310 (quoting Shapiro, Bernstein & Co. v.
Cont'l Record Co., 386 F.2d. Accordingly, the entry of default was
proper because the defendants "willfully disregarded" the district
court's orders."


"Emilcar Bermudez v. Theodore Reid, Superintendent, and Robert
Abrams, Attorney General, State of New York, 720 F.2d 748 (2d Cir.
1983)- "Judge Stewart granted the default judgment under Fed.R.Civ.P.
55. Recognizing a conflict in other circuits over whether Rule 55 is
available in habeas actions, he concluded that a default against the state
may be entered "in appropriate circumstances". Circumstances were
appropriate in this case, he decided, because: (1) Bermudez had stated at
least one valid constitutional claim and his claim had been exhausted in
state court; (2) while petitioner had diligently sought to have his claims
heard, the Attorney General had been "dilatory in the extreme"; (3) the
Attorney General, despite clear admonitions that he do so, had not
communicated with the court on the three occasions when he ignored
court imposed deadlines; (4) the Attorney General had been dilatory and
casual about missing deadlines in the past; and (5) Bermudez had served
a substantial amount of his sentence. In these circumstances, the court
granted the default judgment stating "the State shall retry or release the

3

petitioner within 60 days." The state has declined to retry petitioner and has chosen to appeal the judgment of default."

"Southern New England Telephone Co. v. Global NAPS Inc., 624 F.3d 123 (2d Cir. 2010)-The Second Circuit reviewed the district court's imposition of the default judgment under an abuse-of-discretion standard. The court cited Federal Rule of Civil Procedure 37, which provides that:

If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (vi) rendering a default judgment against the disobedient party . . . .

Id. at 143 (citing Fed. R. Civ. P. 37(b)(2)(A))."

**United States District Court, Southern District of New York**
***Guangxi Nanning Baiyang Food Co., Ltd. v. Long River International, Inc.*** **30 March 2010 [No. 09 Civ. 3059 (TPG)] cited below**

Plaintiff's Claims

Baiyang requests that the court enter a default judgment in its favor under Fed. R. Civ. P. 55(b)(2) and award compensatory damages of $152,588.00 plus interest and punitive damages of $500,000 as a deterrent. Baiyang also seeks a declaratory judgment that Long River (i) excessively delayed before refusing the goods shipped by Baiyang under the parties' agreements, (ii) refused these goods without a proper legal basis, and (iii) provided an insufficiently specific explanation for its rejection of the goods.

4

DISCUSSION

A plaintiff does not enjoy an automatic right to entry of judgment. Rather, "dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999); S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Because the Second Circuit has expressed on numerous occasions its preference that disputes be resolved on the merits, not by default, see Marfia v. T.C. Ziraat Bankasi, 100 F.3d 243, 249 (2d Cir. 1996), motions for default judgments will be denied where a party appears to defend "unless it is clear that under no circumstances could the defense succeed." Connell v. City of N.Y., 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002).

The filing of a late answer is tantamount to a motion to vacate a default. See John v. Sotheby's, Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992). Fed. R. Civ. P. 55(c) empowers a court to set aside an entry of default upon a showing of "good cause." Because the rule does not define the term explicitly, the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the adversary. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). The court also considers these factors when determining whether to enter a default judgment under Fed. R. Civ. P. 55(b). See Bank of N.Y. v. Meridien Biao Bank Tanzania Ltd., No. 95 CV 4856(SS), 1998 U.S.

Dist. LEXIS 11288, 1998 WL 417510, at *2 (S.D.N.Y. July 24, 1998). All three factors do not need to be met; rather, a default may be entered upon a showing that the three factors on balance support relief.

In this case, the criteria militate in favor of entering Baiyang's requested default judgment.

Analysis of the "Good Cause" Factors

(1) Willfulness

In the context of a default, willfulness requires conduct that is more than merely negligent or careless; the defaulting party must have engaged in egregious or deliberate conduct or conduct that was egregious and was not satisfactorily explained. See N.Y. v. Green, 420 F.3d 99, 108 (2d Cir. 2005). A desire to avoid litigation cannot provide an excuse for failing to satisfy a party's obligations in litigation. See Kuklachev v. Gelfman, No. 08-CV-2214 (CPS)(WP), 2009 U.S. Dist. LEXIS 15592, 2009 WL 497576, at *3 (E.D.N.Y. Feb. 26, 2009). Similarly, a defendant's choice to default for strategic reasons or in order to gain some tactical advantage weighs strongly in favor of entering default judgment. See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

Long River neglected to submit an answer and affirmative defenses to the complaint until more than six weeks had elapsed since the filing of the complaint. Baiyang contends that Long River's default was plainly willful based on the parties' history and Long River's pattern of ignoring correspondence and communications from Baiyang. And it appears that it

6

was only Baiyang's filing of its application for entry of default that spurred Long River into finally answering the complaint.

Baiyang acted in the utmost good faith throughout the course of the dispute. The same cannot be said for Long River. Long River delayed for a substantial period of time, even in letting Baiyang know whether it was refusing or accepting the three shipments. When it finally rejected the shipments, it spoke of complaints from customers, which apparently had no basis whatsoever. As to the Boston Shipment, Long River deducted $11,000 from the price without any basis for such deduction, since Long River's customer took and paid for the whole shipment. After Baiyang was finally forced to sue, Baiyang attempted to engage in settlement negotiations, but there was no response. Long River knew full well that it needed to answer the complaint, but did not do so until Baiyang had obtained entry of the default. Long River's conduct was willfully obstructive throughout, and the failure to file a timely answer to the complaint was plainly willful.

(2) Presentation of a Meritorious Defense

A defendant seeking to prevent entry of a default judgment must present some evidence beyond conclusory denials to support his defense. See Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320-21 (2d Cir. 1986). The test of such defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. See McNulty, 137 F.3d at 738. He must present a defense "which directly relates ... to the

7

allegations set forth in plaintiff's pleadings and raises a serious question as to the validity of those allegations." Salomon v. 1498 Realty, 148 F.R.D. 127, 130 (S.D.N.Y. 1993). Indeed, without the prospect of a valid defense, "there is little point in setting aside the default judgment." Brown v. Gabbidon, No. 06 Civ. 8148, 2007 U.S. Dist. LEXIS 35134, 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007); see also State of N.Y. & Erin D. Crotty v. Kevan M. Green 6s Polymer Applications, Inc., 420 F.3d 99, 109 (2d Cir. 2005) (characterizing the existence of a meritorious defense as the "key factor").

The court has held a conference to explore whether Long River has a meritorious defense. There is no such defense. The only thing tendered by Long River is a photograph of some of the boxes involved in the Boston Shipment, but all this shows is some minor deformation of certain boxes. And again, this purported evidence has nothing to do with the three shipments. There is apparently no meritorious defense to this case.

(3) Prejudice

In the context of a default, "prejudice" means the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion -- circumstances that make it more difficult for a plaintiff to prosecute its case. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).

The usual considerations about prejudice do not weigh strongly in this case. If there were real issues about the condition of the fish, there might be prejudice from any delay which made it difficult to assemble

8

evidence. However, here there are no real issues about the condition or quality of the fish. Therefore, the two factors described above are decisive, and prejudice is not really a relevant factor.

3) Federal Rules of Civil Procedure 55(a)- Clerk must enter entry of Judgment when failure to respond or otherwise defend is shown by Affidavit or otherwise.

4) This is a non-opposed motion until Clerk Grants Application, Federal Rules Civil Procedure 55 (c)

5) Federal Rules of Civil Procedure 81(4)- *Special Writs.* These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings:

(A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and

(B) has previously conformed to the practice in civil actions.

6) These case proves in this Circuit a default judgment is accepted in a Writ of Habeas Corpus and I meet all requirements of this Circuit to have an entry of default made, and this Court has jurisdiction to do it. What was done to me is worst that what was done in these cases:

Please see below from Pacer Judge Sifton Ordering defendants to respond to my Writ of Habeas Corpus and produce Court Minutes etc. 6/22/1995 Pacer Entry 3 (95-cv-1786)

- I am Appealing an interlocutory order in the Second Circuit, 16-571pr Appeal Number. There was no Order from the Second Circuit staying the remainder of the proceedings.

- Defendants on 4 occasions have not respond to my allegations as required by Rule 12 and U.S.C. 2243. 3x in the Appellate Court. Infact everytime defendants are to respond to the Merits of my allegations with admissible evidence they never respond.

- Proof I provide in my Motion on the Merits that they knew I committed no crime, that I was illegally arrested and they hid this from the Court and the Grand Jury.

- Defendants deliberately denied me exculpatory evidence to prove my claims and then knowingly committed perjury and told Judge Sifton they do not have the grand jury minutes as they were never transcribed and I show direct proof that the Grand Jury Minutes in 4166\87 was not only transcribed but placed into evidence. They denied me these minutes due to the fact it would prove Stephanie Stevenson never testified in any Grand Jury hearing. All of this was Ordered repeatedly by Judge Sifton.

- Defendants denied me access to Court Stenographer Barbara Stroh as I was buying minutes from her. Again, the minutes would have proven the DA knew I was never arrested, charged or plead guilty to anything having to do with Stephanie Stevenson in addition it would show when Judge Randolph Jackson told the jury "Anytime a man and women have sex out of wedlock is the crime of Rape in New York"

- Defendants in willful-faith and BAD-FAITH deliberately destroyed exculpatory evidence. I go into specifics in my Motion on the Merits\Judgment on the pleadings. There is no discovery to be had as evidence has been losted\destroyed.

- Defendants deliberately never brought me to Court for any of my hearings that was granted infront of Judge Sifton. Evidentiary and Compel specifically.

- Defendants used their Court resources to have my evidence filed with the Court "disregarded\lost" and told this Circuit the same

11

thing and then claimed it was found and entered into evidence and I prove this is perjured testimony as I was complaining for decades that all my evidence is not in the Court files yet they were in archives proving I filed them with the District Court. None of this evidence made it infront Judge Sifton or this Circuit on my Appeals. Multiple Appeals, until now.

- Prosecutorial misconduct; lying in Court, lying to Judge Sifton, making evidence disappear so Judge Sifton or this Circuit would not see it, denying me access to exculpatory evidence, defying a Court Order to Produce evidence, and denying me access to my own hearing so I could Produce evidence on the record and rebut their claims\lies about me.

- Deliberately not brining me to Court as under U.S.C 2254, if I am not available to rebut their claims Judge Sifton had no discretion he must accept everything they said as true and dismiss my Writ.

- All of this and more I prove with legally admissible evidence, AND Court Authorities\precedent in this matter in my Merits Motion\Judgment on the Pleadings filed with this Court

- Defendants did all of the above and all I raise in my Motion on the Merits Willfully because they have no Meritous Defense to any of my claims that are supported by Court Admissible evidence, 911 reports, Court Minutes etc.

- Defendants having someone in the Court create a separate Pacer file so when I login to Pacer I see no movement of the case just the denials. 25years later by accident I go into the Clerk office being belligerent and the Clerk takes my Pacer document and compares to what he has in Pacer and tells me something is wrong, this is when I found out not only was I infact granted an evidentiary hearing, but my Compel hearing was granted by Judge Sifton as well. I find this out as well as other things 25 years later. 2015.

This request is based on the attached Declaration of Plaintiff.

Dated: October 1st, 2016

Respectfully Submitted,

Patrick George Pro Se
1426 E98TH STREET
BROOKLYN, NY 11236
719 593 1070

13

## DECLARATION OF PETITIONER

I, Patrick George, declare as follows:

2. I am the Petitioner in this action. If called as a witness, I could and would competently testify thereto.

3. Defendant New York State Div. of Parole et, al. was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on as evidenced by the proof of service on file with this Court.

4. Under Rule 12, Defendant New York State Div. of Parole et, al. was required to plead or otherwise respond pursuant to USC 2243, Rule 12, Habeas Corpus Rule 5(b) to the Writ of Habeas corpus by date July 31, 1995.

5. Defendant has failed to serve or file a pleading or otherwise respond to the Writ of Habeas Corpus. The applicable time limit for responding to the motion to Dismiss has expired.

6. Defendant is not a minor or incompetent person.

7. Defendant is not currently in the Military Service, and therefore the Service Members Civil Relief Act does not apply.

14

8. I have attached to this declaration a true and correct copy of the **proof of service** on file with this Court for the above-named Defendants.

I declare under all penalties of perjury that the foregoing is true and correct and known to me by my own 1st hand, direct knowledge. Executed on October 1st, 2016, in Brooklyn, New York.

Respectfully Submitted

Patrick George Pro Se
1426 E98TH STREET
BROOKLYN, NY 11236
719 593 1070

IN THE UNITED STATES COURT OF THE
EASTERN DISTRICT OF NEW YORK

Patrick George

          Petitioner-Plaintiff   )

v.                    )      Civil Action No. 95-CV-1786

New York State Div. of Parole et, al.

         Respondent-Defendant  )

## ENTRY OF DEFAULT

It appearing that the Writ of Habeas Corpus was filed in this case on May 03, 1995;

that the Writ of Habeas Corpus were duly served upon the defendant, New York State Div. of Parole et, al. and no answer or other pleading has been filed by said defendant as required by law;

Therefore, upon request of the plaintiff, default is hereby entered against the defendant, New York State Div. of Parole et, al., as provided in Rule 55(a), Federal Rules of Civil Procedure.

Douglas C. Palmer, CLERK

By _____

Deputy Clerk