UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

PATRICK GEORGE,

                    Plaintiff,                              COMPLAINT

              -against-                       Index No. 15-mc-2396

CITY OF NEW YORK, The CITY OF NEW YORK;   JURY TRIAL DEMANDED
JANE DOE and JOHN DOE as employees of
the Kings County District Attorney's Office
and: Individually, and JANE DOE and JOHN
DOE, Individually and as Members of the New
York City Police Department, Randolph
Jackson individually, JANE DOE, JOHN
DOE, Individually and as Members of the
NYS DIV. OF PAROLE AND JANE DOE ,
JOHN DOE,

                    Defendants.

_____

      Plaintiff PATRICK GEORGE ("Plaintiff "), being a Citizen of the United
States whom is has fully completed all State sentencing, complaining of the
Defendants, respectfully alleges, upon 1st hand, direct experience, under all
penalties of perjury, swear that all of the following contained herein below is true,
as follows:

1

# PRELIMINARY STATEMENT

All defendants acting under "Color Of Law" and acting in their "Personal Capacities" denied me the opportunity produce evidence to prove my claims of INNOCENCE, Arbitrary treatment by the Government, and official corruption, due to taking my Liberties based upon known false testimony in the investigation phase, Solicited known false testimony and all of this was known in the investigation phase and before I was arrested. All defendants acting together to deliberately deny me my Rights and privileges under the Constitution, DUE PROCESS of Law.

All Defendants communicating via telecommunication equipment, had a "meeting of the minds" acting as a unit with the common goal, overact, is to see to it that I never be given the opportunity to be a witness against them, never present my evidence on the record and I will not have the financial resources to fight them, and to destroy me for exercising my rights and privileges under the Constitution "DUE PROCESS OF LAW"

This was intentionally done because I am black, and\or economic Status and lack of Political\religious affiliation and being Pro Se. I will show by statistics that when non-African Americans are placed in the same situations as myself they are released with no charges. I will show that when it comes to me it is selective enforcement of the rule of law

Even after my release as soon as it was discovered I was actively pursuing the evidence to pursue my case and filing papers in Court the defendants started contacting my employers and clients revealing my background, putting my case on the internet as it would come up in internet background searches. So I cannot even hold a job due to this false criminal background that was placed upon me by the defendants deliberately

All my Substantive Rights Defendants have all violated under guise of law. My right to take care of my kids taken from me. My right to pursue happiness, own property, prove my innocence, prove arbitrary treatment by the Government, prove Official Corruption and misconduct, be a witness, testify before the Court, cross-examine using legal admissible, substantially exculpatory material evidence.

I go into specifics below.

1.    This lawsuit seeks to hold the defendant CITY OF NEW YORK liable for the above misconduct under the federal civil rights statute, 42 U.S.C. § 1983, and Monell v. Dept. Of Social Services, 436 U.S. 658 (1978). The unlawful actions of police detectives and prosecutors documented in this lawsuit resulted from affirmative or de facto municipal policies, practices and customs to violate the constitutional rights of criminal suspects and defendants, or from deliberate indifference by policy-making officials, acting on behalf of the City of New York, to such violations. As Plaintiff will demonstrate, both the NYPD and the BDAO, as a matter of policy, secretly coerced witnesses to give false or unreliable testimony through their misuse of subpoenas, material witness orders, and their powers of arrest and interrogation, unlawfully concealed exculpatory or impeachment evidence known as "Brady" material, and lied to or misled courts, defense attorneys, and criminal defendants in order to cover up their unlawful behavior. In the rare case where such misconduct was exposed, these agencies took no disciplinary action against the offending employees, but instead praised and promoted them, thereby encouraging future constitutional violations to occur, including those directed against Plaintiffs.

2. Plaintiffs bring this action seeking compensatory damages, injunctive relief, and pursuant to 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(1)(3), 42 U.S.C. § 1986, for violations of my civil rights, as said rights are

3

secured by said statutes and the Constitutions of the State of New York and the

United States.

3. Under a pattern and practice set and enforced by city officials of New

York, the New York City Police Department ("NYPD"), the Kings county District

Attorney and New York City Police Officers stop, search, seize, arrest and issue

summonses to individuals without probable cause in response to a requirement

and constant pressure to meet a summons quota, in violation of the U.S.

Constitution. ("ACTIVITY") requirement set forth by the NYPD.

4. To encourage and drive this unlawful pattern and practice, the NYPD

consistently punishes officers who issue fewer summonses, and rewards police

officers who issue more summonses, regardless of whether or not there is

probable cause to issue such summonses.

Cannot pay for the necessary speech therapy needed

<u>DEFENDANTS</u>

<u>PROPER NAMED DEFENDANT IS THE CITY OF NEW YORK</u>

Pursuant to N.Y.C. Charter § 396; see also Ximines v. George Wingate

High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008), Fahey v. City of New York, No.

10-CV-4609 (ILG) (MDG), 2012 WL 413990, at *5 (E.D.N.Y. Feb. 7, 2012). All

claims made against the NYPD must be made against the City as you cannot sue

4

them directly. The proper named defendant is the City of New York for the Kings

County District Attorney, Pembaur, 475 U.S. at 481-85, 106 S.Ct. at 1299-1301

as well as the NYPD.

Pursuant to Lozado, 2012 WL 2402069, at *3, Calhoun, 999 F.2d at 651

(assessing § 1983 claims against four parole officers). Finally, where a city adopts

a custom or policy that causes injury in violation of a person's constitutional

rights, that person may also sue the city itself. Monell v. Dep't of Soc. Serv., 436

U.S. 658, 690-91 (1978); see also Iacovangelo v. Corr. Med. Care, Inc., No. 12-

4157-CV, 2015 WL 5315333, at *3 (2d Cir. Sept. 14, 2015) (stating the standard

for a Monell claim); Mena v. City of New York, No. 12-CV-0028, 2014 WL

2968513, at *1 (S.D.N.Y. June 27, 2014) (addressing a Monell challenge to

conditions of confinement at Rikers Island) I am suing Judge Jackson in his

individual Capacity acting under "Color of Law" as well as Parole Officer Jane

and John Doe. The proper named defendant is the City of New York.

As the Municipality City of New York failed to properly train and\or take

meaningful action against these individuals who knowingly violate and\or refuse

to follow clearly established law, clearly established procedure of their respective

department and basic common sense and morals.

## NATURE OF ACTION

5.        This is a civil action, pursuant to 42 U.S.C. §1983, 1985(1)(2)(3) ,

Wyatt v. Cole, 504 U,S. 158, 161, *Brady v. Maryland*, 373 U.S. 83 (1963)

*("Brady")*, POVENTUD v. CITY OF NEW YORK, Docket No. 12–1011–cv.,

NEWTON V. CITY OF NEW YORK, 11-2610-CV, Decided Feb 26th, 2015,

Leather v. Eyck, 180 F.3d 420, Huang ex rel. Yu v. Johnson, 251 F.3d 65,

Warney v. Monroe County, 587 F.3d 113 (2d Cir. 2009), Yarris v. County of

Delaware, 465 F.3d 129, 136-39 (3d Cir. 2006), ZAHREY v. COFFEY, 221 F.3D

at 352, SCHNEYDER v. SMITH•653 F.3d 313,  336, Ricciuti v. New York City

Transit Auth., 124 F.3d 123, 130, PEOPLE v. VALLES, 62 N.Y.2d 36 (1984),

Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461, Illinois v. Fisher,

540 U.S. 544-, People v. Newberry,166 Ill.2d 310, 652 N.E.2d 288, State v.

Lopez, 156 Ariz. 573, 754 P.2d 300, Morse v. FUSTO, Court of Appeals, Docket

No. 13-4074 2nd Circuit 2015, Colon, 60 N.Y.2d at 83, 468 N.Y.S.2d at 456,

Board of Educ. v Farmingdale Classroom Teachers Assn., 38 N.Y.2d at 403,

CRAWFORD v. FRANKLIN CREDIT MANAGEMENT CORPORATION,

Docket No. 13–2514, Decided: July 11, 2014, Triad Energy Corp. v. McNell  110

F.R.D. 382, Chambers v. Mississippi, 410 U.S. 284,Goldberg v. Kelly, 397 U.S. at

259,Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, People v Bailey, 295 AD2D

758, 759; People v Bingham, 263 AD2d 611, 612, Medina v City of New York,

102 AD3d 101, 103-104; Guntlow v Barbera, 76 AD3d 760, 768, Cole v.

Arkansas, 333 U.S. 196 at 201,United States v. Feng Li, AKA Li Feng Zhao Hui,

AKA Hui Zhao, Ru Jie Lu, AKA Ru Lu Jie, 115 F.3d 125 (2d Cir. 1997),Shane,

1996 WL 233690, at *4 (citing Union Bank of Switzerland v. 890 Park

Associates, No. 92 Civ. 1557, 1995 WL 121289, at *5, Wong Su v. United States, 371 US 471, ALVAREZ v. ERCOLE, Docket No. 13–2828–pr.(2nd Cir), PEOPLE v. PELCHAT, 62 N.Y.2d 97, MATTER OF RODNEY J, 83 N.Y.2d 503, PEOPLE v. WHEELER, 616 N.Y.S.2d 14, MATTER OF WESLEY M., 83 N.Y.2d 898, MATTER OF F., 635 N.Y.S.2d 613, Griffin v. Illinois, 351 U.S. 12, 18–20, People v. Braman, 136 A.D.2d 382, 384, .PEOPLE V. COSTANZA 244 A.D.2d 988 at 989, People v. Martinez, 71 NY2d 937 (1988); People v. Kelly, 62 NY2d 516 (1984), Leka v. Portuondo, 257 F.3d 89, 99 (2d Cir. 2001), Gilmore v. Henderson, 825 F.2d 663, 665-667, Panetta v. Crowley, 460 U.S. 388, 395 (2d Cir. 2006) , United States v. Polisi, 416 F. 2d 573, and these authorities, Jean v. Rice, 945 F.2d 82, 85-87, Curry v. United States, 658 A.2d 193, 197, Edelen v. United States, 627 A.2d 968, 970, Curry, 658 A.2d at 197, *James v. United States,* 580 A.2d 636, 643-44, *Green v. Georgia,* 442 U.S. 95, 97, People v Williams, 19 AD3d 228, Valles, 476 N.Y.S.2d 50, Thomas Jocks, Plaintiff-Appellee-Cross-Appellant v. Augusto Tavernier and the New York City Police Department, Michael A. Oggeri, Defendant-Cross-Appellee, City of New York, Nassau County Police Department, and County of Nassau, 316 F.3d 128, Youngblood v. West Virginia, 547 U.S. 867, People v. Newberry,166 Ill.2d 310, 652 N.E.2d 288, Blackledge v. Perry, 417 U.S. 21, Lafler v. Cooper, 132 S. Ct. 1376 United States v. Bagley 473 U.S. 667, United States v. Page, 808 F.2d 723, 72, Murphy v. Lynn, 118 F.3d 938, Ex Parte Rosier, 133 F.2d 316, Powell v.

Alabama, 287 U.S. 45, 68-69 ; Moore v. Dempsey, 261 U.S. 86, 92, denial of the opportunity to put legally admissable even that proves the core of my claims, evidence that has never been disputed on the record. Because of this repeated denial I have no corrective procedure in the appeals courts, as they refuse to asllow me to supplement the record with this evidence.

6.      Seeking monetary damages for Plaintiff s denial of exculpatory evidence, denied timely disclosure of exculpatory evidence, wrongful Arrest for attempted murder, and subsequent imprisonment for nearly *six and half years*, prior to this, wrongful arrest for Rape and thereafter,  in bad-faith destroying Court minutes that would have shown Substantial exculpatory material \evidence and defendants knew this, convicting of crimes that the alleged victim told them at all stages I never did, and convicted me of crimes I was never questioned about, never arrested for, never plead guilty to and without a Lawyer. I was repeatedly fighting of sexual Gays and physically assaulted, traumatized, 30 years of constructive imprisonment and counting of Loss of Earnings and Loss of Travel, loss of business (Favor UC Unified Communications) caused by the pervasive misconduct of the Defendants Kings County District Attorney's Office ["KDAO"] and the New York City Police Department ["NYPD"] . All Defendants where acting under "Color of State Law."

6. Defendants -individual District Attorney Office and the City of New York - violated, or caused the violation, of Plaintiff's constitutional rights both during the

8

investigation of Probable Cause of the underlying crimes -a -shooting -

(11047/90), and Rape-(4166/87), during Plaintiff s subsequent arrest. The Police

and District Attorney knew or should have known, manufactured the false

identification evidence and Testimonial evidence that became the basis for the my

arrest and indictment and the only evidence of plaintiff's "guilt," and then withheld,

misrepresented, suppressed from the Court record, Plaintiff and his attorneys

exculpatory evidence, known as *"Brady* material," that would have shown the

falsity of the identification testimony (Indict#11047/90) and Testimony that any

crime happened (Indict#4166/87). Then destroyed this substantially exculpatory

material even when they were under Court Order to produce it. All Defendants

conduct happened when they were at their regular employment working under

"Color of law" in their personal capacity for their respective Municipality. Their

misconduct was not in accordance with their normal employment

duties\responsibilities. Their misconduct was substantially caused by the policies,

customs, training and practices of policymakers for the City of New York.

7. This lawsuit seeks to hold the defendant CITY OF NEW YORK liable for

the above misconduct under the federal civil rights statute, 42 U.S.C. § 1983,

and Monell v. Dept. Of Social Services, 436 U.S. 658 (1978) and Askins v. City

of New York et al., 12-877-cv (2012), POVENTUD v. CITY OF NEW YORK,

Docket No. 12–1011–cv. Decided: April 19, 2013, COLLINS v. CITY OF NEW

YORK, Docket No.11-00766, NEWTON V. CITY OF NEW YORK, 11-2610-

CV, Warney v. Monroe County, 587 F.3d 113 (2d Cir. 2009), Yarris v. County of

Delaware, 465 F.3d 129, 136-39 (3d Cir. 2006), *Walker v. City of New York*, 974

F.2d 293, 301 Decided Feb 26th, 2015, Rivera v. Rhode Island, 402 F.3d 27,

36,Grubbs II, 92 F.3d at 899. The unlawful actions, actions that are not within

their normal job duties of police detectives and prosecutors documented in this

lawsuit resulted from affirmative or defacto municipal policies, practices and

customs to violate the constitutional rights of criminal suspects and defendants, or

from deliberate indifference by policy-making officials, acting on behalf of the

City of New York, to such violations. As Plaintiff will demonstrate, both the

NYPD and the BDAO, as a matter of policy, secretly coerced witnesses to give

false or unreliable testimony through their material witness orders, and their

powers of arrest and interrogation, unlawfully suppressing, destroying, misplacing

and concealing exculpatory or impeachment evidence known as "Brady" material

, and lied to or misled courts, defense attorneys, and criminal defendants in order

to cover up their unlawful behavior. In the rare case where such misconduct was

exposed, these agencies took no disciplinary action against the offending

employees, but instead either did nothing or\and praised and promoted them,

thereby encouraging future constitutional violations to occur, including those

directed against Plaintiff.

      8.    As explained in more detail below, investigator's assigned to the

investigation Of Attempted Murder and the separate case of Rape knew any information was unreliable, and false because I was in Police Custody at the time of the shooting and I did not match the description of any shooter nor was there any on scene Identification, yet still allowed testimony into the Grand Jury that I was Id as 1 of the shooters and in the WADE hearing.. (Indict 11047/90)

9.    As to Camille Moreno the District Attorney knew before I was arrested that and information given by Camille was unreliable and false because she told them and testified at the Grand Jury that I dragged her 2 blocks, pass my father, pass my cousin while she was yelling beat her up and raped her. (Indict 4166/87)

10.    That Theo came in and saved her from me raping her and Theo and myself was fighting over her. (Indict 4166/87)

11.    DA had in its possession the following Brady Material, exculpatory evidence, their Medical Examiner report that clearly stated after a complete investigation, no signs of bruises, lacerations, no signs of force period. So they knew before I was arrested that that any allegations of fighting, force was unreliable. False. (Indict 4166/87)

12.    The DA had in its possession the following Brady Material, exculpatory evidence and Police: they spoke with Theo before I was arrested on multiple occasions and he told them Camille slept with me by consent and the story about him saving her from me and fighting over her is a lie. (Indict 4166/87)

13.    DA claims I plead Guilty to the rape of Stephanie Stevenson.

14.    DA told Federal Judge Sifton that I was arrested for raping her.

11

15.    I presented my rap sheet proving this never happened.  Never questioned. This has never been challenged.

16.    Years later the DA changed their testimony to now say it was a secret Indictment. The law is clear that you cannot stand before any Judge absent a arrest\summons and when secret Indictment happens, the Judge Must issue a warrant for your arrest\summons, in which you must be re-photographed, re-fingerprinted and then brought before the Court NY CPL 210.10.(3).

17.    In my Plea allocution, I was not asked 1 question about Stephanie Stevenson or anything doing with\related to Sodomy of anyone.

18.    No medical evidence as I have stated let's do a DNA test

19.    No medical report as according to the DA Stephanie never went to the Doctor.

20.    Nothing outside of Stephanie Stevenson alleged complaint corroborating her alleged story. It is my position she never told the DA this. Stephanie Mother was in my trial with my mother. In trial after the miss-trial was declared and her name came up, Attorney Michael Warren told the DA Stephanie Stevenson mother is sitting next to Ms. George file a complaint now if you feel he did something to her daughter.

21.    I was to pick up this portion from Stenographer Barbara Stroh but on the day I was to get them from her I was violated by parole and from jail etc have been trying to retrieve them ever since.

22.    I have been trying for over nearly 30yrs to get access to the trial

minutes and it has been blocked by the DA. This Court is aware of this as I complained repeatedly about this in my Habeas Corpus and to letters to both State and Federal Courts. I have put in Subpoenas, everything. Motions to Compel.

23.   The DA states the Stenographer cannot be located or that the records have been destroyed.

24.   I recently via a private investigation Found Court Stenographer Barbara Stroh whom told me she is still in the Court System. She told me that records are indeed irretrievable among other things.

25.   I personally believe that the DA is giving her trouble and threatening her. Ms. Stroh told me this years ago when I 1st purchased transcripts from her she told me the DA was threatening her. The DA told Federal Judge Sifton that no Medical Examiner of theirs testified, and No Theo Gordon or Julian Best testified. I then produced the trial transcripts I purchased proving that the DA was lying to the Court. They then said well they are just relying on the Court records.

26.   1st tip off that the DA was staging the Court record, so I would have no Material Brady evidence in the file. Also that they knew that when she testified that I beat her up, force was all unreliable. False. The DA knew this.

27.   I already told the Police from day 1 I slept with Camille without a condom and ejaculated in her. So the only reason for the Medical examiner was to verify if there was any signs of Force as Camille said happened. The DA always said in the arraignment hearing and in the Grand Jury hearing that I beat Camille up and raped her. Nothing about threats as to the reason for her allowing me to sleep

13

with her.

28.    The Police had me strip in my house in front my Mother as I was a minor they said. Shined flashlights on me. I had no scratches. Nothing. I told them sex was by consent.

29.    Indeed, in trial Attorney Michael Warren was using the Grand Jury testimony of Camille to impeach her, when in trial she testifies my knees was on her hands but in the Grand Jury she testified that my knees was on her chest holding her down and we she never consented and she fought to the bitter end and Theo came to save her from me. The exact same facts the DA was telling the Court for a year up to my Trial.

30.    DA Weintruab kept objecting to using the Grand Jury transcripts to impeach Camille and said he will stipulate entering the file in the record. He did this deliberately to Block the following facts.

(a) The DA knew from the beginning that Camille was lying on me that I beat her up, dragged her and raped her. Her testimony was unreliable as it was refuted by their own Medical Examiner and Theo Gordon and Julian best who were friends to both of us, me and Camille.

31.    The law is crystal clear. When the DA knows that testimony that was substantially, materially false presented to the Grand Jury the Indictment must be dismissed, and the Court lacks jurisdiction over the defendant. It does not matter when they find out that the testimony was false.

32.    The DA had in its possession the following Brady Material,

exculpatory evidence that they saw to it that would not be entered into evidence, and the Judges in their 440 Post Conviction decisions deliberately did not mention. That the 911 Tape and Report proved that I did not match the description of any shooter, nor was there ever any on scene Identification made by anyone.(11047/90)

33.   Additionally they conceded this in my arraignment hearing and my bail was dropped from 100k to 50k. When the Prosecutor was giving the Judge the facts of the case when they said the shooters was 6ft tall the Judge look at me and said wait a minute he is nowhere near 6ft tall. (11047/90)

34.   My Lawyer Dovid Klien then said your Honor nor did he match the description of the shooter or nor was he ID as the Shooter. The Judge looked at the DA and is this true. No response from the DA. Judge asked again, is this true he doesn't match the description of any shooter, no response from the DA.  My Lawyer Dovid Klien then said he was in Police Custody at the time of the shooting. (11047/90)

35.   The Judge then asked what was the damages, and found out none was hurt. The Judge dropped my Bail from 100k to 50k and told my Lawyer and I quote "I expect you will be filing a Motion for your client". (11047/90)

36.   My Attorney Dovid Klien did file a Motion that clearly stated based upon the 911 report and 911 tape not only did I not Match the description of any shooter, but there was never any on scene  ID on scene  show-up ever. I was never ID as one of the Shooters by anyone and requested to review the Grand Jury Minutes. (11047/90)

15

37.    I asked him why the Motion does not contain the fact that I was in Police Custody. Mr. Klien said he will bring it up during the Motion hearing because under the Law he has to give them time to verify. (11047/90)

38.    Subsequently I was told by the Prison to call my Lawyer and it was important. I called him and Mr. Klien told me he could no longer represent me and that the DA is threatening to have him disbarred for the Motion he filed to dismiss my case. (11047/90)

39.    I never heard from him again and I then hired Attorney Debra Hoskins. She tried in my Wade hearing to Lay a foundation to enter the 911 Report and Tape and the fact that I was Police Custody proof by way of my Rapsheet into Court Record\Evidence, this Brady, exculpatory Material Evidence and all was denied by Judge Douglas. (11047/90)

40.    So it was not ever in the record, as him denying entrance of putting the Brady Material on the record, Nor did Ms. Hoskins get the chance to ask to have it entered into Evidence. This evidence directly impeached the Testimony being given by the Officer whom testified the only reason he came in my direction was because of what was told to him by the complaining witness. (11047/90)

41.    Lab report for the recovered gun was certified incorrectly and the Court of Appeals ruled until the DA the report corrected the indictment, the Court lacked jurisdiction over you. Along with every Judges Denial in the Post Conviction without a hearing, and deliberately being Silent about the contents of this Brady Material. (11047/90)

16

42.    Could not even Appeal the denial of the 440 as they stage the record that I have no Material Official evidence to put on the record. So because of illegal legal maneuvering I have evidence in my possession for nearly 30yrs that has not been heard or offered or denied being offered on the record in any Court. In bringing this case the District Attorney's Office and causing that Office to initiate a prosecution, they then failed to disclose the false identification, or/and denied me the right of Brady Material even offered to be put into evidence record, Plaintiff Plead guilty, and causing Plaintiff to be sent away to State prison. (4166\87 & 11047/90)

43.    When the District Attorney's Office ultimately learned about the withheld *Brady* material, it had an obligation to disclose it and to remedy the injustice caused by its previous suppression. Instead, it first tried to cover it up. When this proved impossible, it then prolonged Plaintiff's incarceration by relying on these knowingly false claims.

44.    Indeed, not only did they get rid of my Attorney Dovid Klien by threatening to disbar him for Offering the Brady Material, Official proof that I wasn't not the Shooter and the Prosecution knew this but still charged me with the crime that if convicted could put me away for 25yrs in State Prison.

45.    The obligation to disclose material evidence favorable to the defense under Brady extends to the government, or to the prosecuting entity, as a whole. The duty to disclose Brady material belongs to the State, the duty is not limited to the individual prosecutor assigned to a case. The State ordinarily acts through the assigned prosecutor, but if that prosecutor fails to carry out the State's duty to

disclose, the State's duty does not cease to exist- it is "ongoing" even after trial.

46.    Similarly, even where the prosecuting attorney is unaware that

testimony he has presented at trial is false, so long as "another government attorney

knows about the false testimony and no steps are taken to correct it," the

defendant's due process rights are violated.

47.    The obligation belongs not just to the assigned prosecutor, but

"broadly to the sovereign and its agents. Such a duty applies with even more force

to personnel in the prosecutor's office itself, such as other ADAs, who (like the

police officers) are not assigned to prosecute the case, but are aware of the Brady

material. District Attorneys have no constitutional obligation to train ADAs in their

Brady obligations because all prosecutors, unlike police, are presumed to know

their ethical responsibilities.

48.    Subsequently I repeatedly tried to gain access to my minutes for both

cases to have a lawyer review so I could seek judicial review via a 440 and after an

Appeal if unsuccessful. The DA ignored all request. I made no FOIL request as

FOIL does not apply to Court Minutes under the law back then.

49.    I then sued in Federal Court under cv-95-1786 and Judge Sifton order

all evidence for both 4166\87 & 11047\90. DA defied this Order. I then filed for

and evidentiary hearing and a Compel hearing. Both was granted by Judge Sifton.

The following events occurred therafter and I did not find out until 2015:

- Defendants had other and\or another create a Pacer profile that never

18

updated. So for over 20yrs whenever I look into Pacer I would never see any status. I would be told the same thing when calling into the Court. I would be told nothing new.

- Come late 2015 acting belligerent in the Court the Clerk takes my Pacer doc and compares it to what he has and immediately tells me something is definitely wrong. My Pacer doc shows no movement for over 25 yrs. Court records shows that not only was I granted hearings on both my Evidentiary and Compel Motions, but I never showed up. The Court record clearly indicates that I alerted the Court that I was in Jail. But Defendants never brought me to Court.

- Defendants then had other and\or another in Eastern District edit the Court files stating that My Writ filed and the response was lost. The Court of Appeals then sent my case back down to the District Court request the missing files. The District Court never contacted me for copies. I just sent the Court of Appeals all of the missing files, but my motions are missing pages.

- Defendants and others and\or another protecting them did everything in their power and for approx 25 yrs successfully did, kept me in the dark about what was going causing me to have my Writ denied as I was deliberately by defendants not brought to Court so I could not present exculpatory evidence on the record that proves they are lying on me. My

evidence directly rebutted all the Defendants Claims.

- Defendants actions caused me lost of liberties without any legal justification, without Due Process of Law, without meaningful Due Process of Law.

- Not 1 Defendants action was in compliance or acting\following lawful procedures when denying me exculpatory material, even after Judges gave Orders to provide it. Suppression of evidence from the Grand Jury and the Court. Misrepresentation of evidence to the Court. Defendants destroying, causing spoliation of materially exculpatory evidence when Judges Orders demanded they be preserved and made available for production to the Court and myself.

- During this time I filed numerous Post Conviction 440 motions also requesting the trial transcripts, grand jury minutes and\or Court minutes in both 11047/90 and 4166/87 and all hearing denied without holding any hearings and deny my subpoenas.

- Defendants have a history of denying people Brady material causing jailtime, irreparable harm.

## PATTERN OF BRADY VIOLATIONS DUE TO FAILURE TO PROPERLY TRAIN

- 22-year-old Darryl "Black" Rush – released for DA concealing evidence\Prosecutor Misconduct

- Jabbar Collins 08-CV-1359 – released for DA concealing

evidence\Prosecutor Misconduct. DA refused to give the 911 tape from evidence. Samething was done to me.

- John Flemings-- released for DA concealing evidence\Prosecutor Misconduct. DA did not let the alibi proof come into evidence that he was in Florida at the time of the shooting. Samething was done to me. The DA would not let me enter evidence my rap sheet proving and that at the time of the shooting I was in Law Enforcement companionship\company.

- Michael Waite – released for DA concealing evidence\Prosecutor Misconduct

- David McCallum – released for DA concealing evidence\Prosecutor Misconduct

- Paul Newton Docket No. 11-2610-cv – Case in Point-DA claims the DNA results are lost – released. Also, eye witness against him in rape. Me never was any Medical record or DNA yet claim I was convicted but I never was questioned, arrested or allocated guilt. (Stephanie Stevenson). Had I been given the minutes I was seeking, paid for and also Ordered by the Court I would have proven this never happened and her own mother was in Court and told the Court in my trial "I spoke to my daughter he never did anything to her". Att. Michael Warren stated "If you feel Mr. George did anything to Stephanie charge him, her mother is sitting right there next to Mrs. George."

21

- Alvarez v. Ercole, 763 F. 3d 223- case in point. Petitioner writ was grantedbecause he was denied the right to use evidence to suggest that the crime was committed by someone else on cross. Me on the other hand denied to present evidence that proves I did not commit any crime on cross.

- Zahrey v. Martin E. Coffey, 221 F.3d 342 – case in point. Fabrication of evidence by Official during the investigation phase and using this known fabricated evidence to keep me under the jurisdiction of the Court.

- 53-year-old Ruddy Quezada was released from prison after serving 24 years for murder. The Brooklyn District Attorney's office conceded that prosecutors in the office for years had failed to turn over potentially critical evidence to Quezada and his lawyers as they mounted repeated appeals of his conviction.

- Majority of above case\People, are just like myself, convicted in Kings County, because of the DA concealing exculpatory evidence and failing to correct the Court about false\perjured evidence before it.

50.    Plaintiff seeks to recover monetary damages from the individual ADA's and Judges who knew the false case against him and covered up the exculpatory evidence, and against the City of New York, pursuant to *Monell* v. *New York City Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978), Askins v. City of New York et al., 12-877-cv (2012) and POVENTUD v. CITY OF NEW YORK, Docket No. 12–1011–cv. (2013), for the deliberate indifference of policymaking officials at the Brooklyn District Attorney's Office

22

("KDAO") to such types of constitutional violations, which was a substantial cause

of the wrongdoing that occurred in this case.

## DENIAL OF EQUAL PROTECTION OF LAW AND SELECTIVE ENFORCEMENT UNDER THE 5th AND 14th AMENDMENT SELECTIVE PROSECUTION, PROSECUTORIAL VINDICTIVENESS, DENIAL OF SUBSTANTIVE RIGHT TO PROVE MY INNOCENCE BY NOT GIVING ME EVIDENCE AND DENYING ME THE OPPRTUNITY TO PLACE SUBSTANTIAL MATERIALLY EXCULPATORY EVIDENCE ON THE RECORD THAT PROVES THE CORE OF MY CLAIMS.

United States v. Avery, 137 F.3d 343, 353, Yick Wo v. Hopkins, 118 U.S. 356, 373–74 (1886). See also State v. Howard, 78 N.C. App. 262, 266 (1985) (quoting Yick Wo), Wayte v. United States, 470 U.S. 598, 610, Floyd v. City of New York, 959 F. Supp. 2d 540, 662, Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265–66, Batson v. Kentucky ,476 U.S. 79, 97,  Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 339 n.20, Castaneda v. Partida, 430 U.S. 482, 494–95 (1977). see also David Rudovsky, Litigating Civil Rights Cases to Reform Racially Biased Criminal Justice Practices, 39 COLUM.HUM.RTS.L.REV.  97, 111 (2007), Georgia v. McCollum, 505 U.S. 42, 68, United States v. Armstrong, 517 U.S. 456, 465, Pyke v. Cuomo, 258 F.3d 107, 109–10, Village of Willowbrook v. Olech, 120 S. Ct. 1073,1074-75, Kramer v. Union Free Sch. Dist., 395 U.S. 621, 628, Kramer v. Union Free Sch. Dist., 395 U.S. 621, 628, Schweiker v. Wilson, 450 U.S. 221, 242, 67 L. Ed. 2d 186, 101 S. Ct. 1074, Harris v. McRae, 448 U.S. 297, 322, 65 L. Ed. 2d 784, 100 S. Ct. 2671

51. Absolutely no rationale or compelling State interest for the DA to deny me my evidence, Court Minutes and 911 tape, as it does not disclose any State secrets, and my trial was Public in a open Court Room. No rationale for Judge Cogan to not give me the opportunity to present legally admissible evidence the proves the core of my claims in a hearing so if denied it can be reviewed by a higher court on appeal. Furthermore, under FRE 201(E) it was mandatory I have a hearing or the Court to take Judicial Notice after I presented the evidence and told the Court how it would prove my claims, my innocence and Brady Violations etc.

Townsend v. Sain, 372 U.S., at 313, State has failed to provide a full and fair hearing, the district court is required to hold an evidentiary hearing, Waley v. Johnson, 316 U.S. 101 at 104, Goldberg v. Kelly, 397 U.S. 254, If this Court finds that facts are in dispute then the US Supreme Court requires I am to be given a hearing to speak orally and present evidence as if I prove my claims I am entitled to relief I am requesting.

11047/90

52. Only thing that was private was the Grand Jury Minutes in which I requested that Judge Sifton inspect them to tell me how was I indicted for Attempted Murder when the DA conceded that I never match the description of any shooter, or height description and I was not id. as a shooter by anyone. Furthermore, at the time of the shooting I was in Police Custody in the Court but was released before I saw any Judge. And the gun recovered did not have my fingerprints on it and had nothing to do with the shooting. There is no Government interest in taking my liberty away based upon known ale\perjured testimony and then failing to update the Court to the truth of the matter and suppressing\denying me use of Substantially materially exculpatory material in a timely fashion and denying me use of this material to use in a effective and meaningful way during cross-examination.

## PROSECUTORIAL MISCONDUCT, VINDICTIVENESS, PERVASIVE BIAS, DUE TO ME BEING BLACK AND MY SOCIAL\ECONOMIC STATUS

In Freeman, 2011 WL 2417091, -"What's more, when Wilbourn's attorney began cross-examining [the witness] about the impossibility of Wilbourn being at the penthouse, the prosecutor objected, stating in the presence of the jury, 'Objection. That's not true.'" Freeman, 2011 WL 2417091, at *2-3. relying on Napue v. Illinois, 360 U.S. 264 (1959), United States v. Bagley, 473 U.S. 667 Page 6 Autumn 2011 (1984), and United States v. Agurs, 427 U.S. 97. The importance of the Freeman decision is the imposition of a duty on the prosecutor to investigate his/her witnesses. The government's counsel may no longer contend "I didn't know," or "the witness was simply mistaken," or "the defense attorney had a sufficient opportunity to cross examine the witness." (1976)CASE IN POINT.

53. The exact samething done to me indict #4166/87 when Att. Michael Warren asked Camille did you submit to sex she said no, I fought him until the bitter end. Kicking even upon him penetrating me. DA Weintraub jumped infront the Jury and stated this is not her testimony. Judge said don't do that Counsel.

54. This was done by the DA because the DA's own M.E. said there was no signs of force even in the vaginal area. He told them this before I was arrested and still the DA was telling the Court I beat her up and raped her but had her change her story in trial and did not give Att. Warren the Grand Jury Minutes until right before cross of Camille.

## MEETING OF MINDS AND OVERACT OF NOT GIVING ME MY SUBSTANTIALLY EXCULPATORY MATERIAL EVIDENCE; COURT TRANSCRIPTS, 911 TAPE ETC. DENYING ME THEOPPURTUNITY TO PRESENT THIS EVIDENCE AND USE IT TO CROSS-EXAMINE THE

## DEFENDANTS;DA, AND JUDGES AND CLERKS NOT NOTIFYING ME OF HEARINGS SCHEDULED BY JUDGE SIFTON

The line of cases begins with Griffin v. Illinois, 351 U.S. 12 (1956), in which it was deemed to violate both the due process and the equal protection clauses for a State to deny to indigent defendant's free transcripts of the trial proceedings, which would enable them adequately to prosecute appeals from convictions. See analysis under "Poverty and Fundamental Interests: The Intersection of Due Process and Equal Protection

Stone v. Powell, 428 U.S. 465, 494 exceptions to Stone: (2) where the defendant was precluded from using a corrective process because there was an 'unconscionable breakdown in the [State's] process.'" Fernandez v. Sheahan, No. 12-CV-2735 (WFK), 2015 WL 4771958, at *10 (E.D.N.Y. Aug. 11, 2015) (quoting Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992)).

United States v. Turkette 452 U.S. 576 - an association-in-fact enterprise may be established based solely on proof of an association with a "common purpose" to engage in an activity, in which the associates function as a "continuing unit." Thus, according to the United States, under Turkette the enterprise requirement of RICO is met conclusively by showing a group of persons associated for a common purpose of engaging in a course of criminal conduct and function as a continuing unit.

The risk of a recovery against them for these does on its face appear substantial; and indeed in Picking v. Pennsylvania R. Co., supra (3 Cir., 151 F.2d 240), it was held that the "Civil Rights Act" actually tolled the privilege of a judge.

Eades argues that defendants Huff and Ewald are not shielded from liability for damages under the doctrine of judicial immunity. Plaintiff's reliance on our decision in Lowe v. Letsinger, 772 F.2d 308 (1985) is misplaced. In Lowe we said that a court clerk enjoys absolute immunity where he is performing nonroutine, discretionary acts akin to those performed by judges. There we said that the clerk of the court was not entitled to quasi-judicial immunity for allegedly concealing the entry of an order.

As in Golden v. Zwickler, we doubt that there is " `sufficient immediacy and reality' " to respondents' allegations of future injury to warrant invocation of the jurisdiction of the District Court. There, "it was wholly conjectural that another occasion might arise when Zwickler might be prosecuted for distributing the handbills referred to in the complaint." 394 U. S., at 109. Here we can only speculate whether respondents will be arrested, either again or for the first time, for violating a municipal ordinance or a state statute, particularly in the absence of any allegations that unconstitutional criminal statutes are being employed to deter constitutionally protected conduct. Cf. Perez v. Ledesma, 401 U. S. 82, 101\-102 498*498 (1971) (opinion of BRENNAN, J.). E

Nor is it true that unless the injunction sought is available federal law will exercise no deterrent effect in these circumstances. Judges who would willfully discriminate on the ground of race or otherwise would willfully deprive the citizen of his constitutional rights, as this complaint alleges, must take account of 18 U. S. C. § 242. See Greenwood v. Peacock, supra, at 830; United States v. Price, 383 U. S. 787, 793-794 (1966); United States v. Guest, 383 U. S. 745, 753-754 (1966); Screws v. United States, 325 U. S. 91, 101-106 (1945); United States v. Classic, 313 U. S. 299 (1941). Cf. Monroe v. Pape, 365 U. S. 167, 187 (1961). That section provides:

"Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined . . . or imprisoned . . . ."

Whatever may be the case with respect to civil liability generally, see Pierson v. Ray, 386 U. S. 547 (1967), or civil liability for willful corruption, see Alzua v. Johnson, 231 U. S. 106, 110-111 (1913); Bradley v. Fisher, 13 Wall. 335, 347, 350, 354 (1872), we have never held that the performance of the duties of judicial, legislative, or executive officers, requires or contemplates the immunization of otherwise criminal deprivations of constitutional rights. Cf. Ex parte Virginia, 100 U. S. 339 (1880). On the contrary, the judicially fashioned doctrine of official immunity does not reach "so far as to immunize criminal conduct proscribed by an Act of Congress . . . ." Gravel v. United States, 408 U. S. 606, 627 (1972).

Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. See, e.g.,Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

"The right of hearing under the Due process clause includes the right of each party to a cause to introduce evidence in support of his claim or defense, to hear the evidence introduced against him, to test the same by cross-examination, the right that nothing shall be treated as evidence which is not introduced as such, and the right to make argument on both law and facts. Ex Parte Rosier, 133 F.2d 316, Powell v. Alabama, 287 U.S. 45, 68-69 ; Moore v. Dempsey, 261 U.S. 86, 92"

55. Defendants intentionally based upon me being black which I will prove by statistics

using cases exactly like mine, and my Economic of being Poor, and Political status in that I have none, denied me equal protection of law, by denying me use of substantially exculpatory evidence, denying me the right to use said evidence to prove my innocence. Denying me law of statue to hold hearing on this substantially material evidence that proves my innocence, and never updating the Court or the Grand Jury to this evidence.

## 4166/87

56. Specifically denied me for 30yrs the right to present substantially exculpatory material to the Grand Jury and the Court that proves my innocence. For approx. 30yrs denied me the right to clear my name based on evidence they personally had and knew about that proved I committed no Sodomy related offense against Camille as she told them this themselves. Defendants never updated the Court or the Grand Jury to this.

57. Defendants own Medical Examiner told them Camille is lying there was no rape. Camille told the Grand Jury, Police and stated in trial I beat her up and raped her. She fought me until he bitter end and she never resisted. The DA's own M.E. told them after a thorough examination even in the Vaginal area he found no bruising, no lacerations, no signs of force anywhere

## Stephanie Stevenson

58. If a complaint was really filed. Brought me into Court and Convicted me based upon allegations that the DA could not verify. Never asked me any questions, denied me the right to a Alibi and\or witnesses as I was never questioned by anyone ever and convicted but I never allocuted guilt to anything about Stephanie in any Court. I stated let's do a DNA when I found out about this 5yrs later and was told there are no Medical records\evidence as Stephanie never went to the hospital. Denied me my trial minutes were Att. Michael Warren told them if you feel Mr. George did something to Stephanie charge him, her mother is right their sitting to Ms. George and Stephanie mother jumps up and said I spoke with my daughter and he did nothing to her. Denied me the right to enter my rapsheet into evidence which proves I have no February Crime date for anything proving I was never indicted for anything with\about Stephanie. I would have some type of Supreme Court instrument from the Court which would be on my Rapsheet referencing this Crime Date.

## 11047/90

59. The DA had the 911 tape and report that proved not only did I not match the description of any shooter and I was never id. as a shooter by anyone, but at the time of the shooting I was in central booking, then after this again I law enforcement company as I was not arrested or charged with anything.

The DA conceded to this at my grand Jury arraignment this why my bail was dropped in that arraignment. My lawyer Dovid Klien put in a dismissal motion based on this and it was never heard.

Then when my Wade hearing came up denied me the right to use this evidence to impeach and contradict the officer testimony who was the only person to testify in the Wade hearing.

60. Then the Court of Appeals ruled that when a Police Lab Report is certified in the way that mines is the whole Indictment is jurisdictionally defective in a way that is non-waivable and MUST be dismissed with leave to renew. All time must be charged to the people for speedy trial grounds as with a defective indictment they could not have been ready for trial when they said they were.

## PROOF OF DISCRIMINATION BY RACE\STATISTICS AND SELECTIVE PROSECUTION AND\OR SELECTIVE ENFORCEMENT

61. All aggressors are white and victims are black and case dismissed based upon the M.E. stating no rape happened and\or complaining witness testimony does not match the evidence. Case dismissed at Grand Jury.

• Tawana Brawley (Black), (White aggressor), M.E. said no evidence of a sex crime, DA ALERTS Grand Jury to this fact case dismissed (New York)

• Nafissatou Diallo (Black) France Foreign National (White aggressor) – rapes house cleaning – DA refuses to prosecute as what the complaining witness said and the evidence does not line up. (New York)

• Crystal Mangum, (Black) 6 guys Duke College (White aggressor) - rapes stripper- Case dismissed as the M.E. said there is no evidence rape happened

• Maleatra Montanez, (Black\Spanish) Police Officer (White aggressor) rapes and sodomizes 6 girls at gunpoint in uniform. Evidence of physical trauma found, even though victim submitted. TAKES Plea to all 6 girls and gets misdemeanor. (New York)

62. Me on the other hand, the DA's own M.E. tells them after a thorough examination he found no signs of force even in the vaginal area, yet the DA allows her to tell the Grand Jury that I beat her up and raped her, that it was a vicious and brutal rape knowing she is lying. The DA themselves told the court this same story at my Local arraignment before the Grand Jury and after and never corrected this known false material testimony. Then the DA has her testify at trial that there was never any fighting she just laid back and let me have my way with her. Napue violation.

63. For all rape cases I am positive a Judge never told the jury of 12 women and 2 men that "anytime a man and women have sex out of wedlock is the crime of rape in New York" – Judge Randolph Jackson Brooklyn Supreme Court 4166/87

64. If I was white and the M.E. said there is no rape, the DA would have presented this substantially exculpatory material my case would have been dismissed. if I was even arrested to begin with.

## RACKATERRING

Section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant)

65. Defendants by denying me evidence and the opportunity to present this evidence on the record that would prove my innocence, prove arbitrary treatment by the Government and prove they knew I was innocent before I was ever hauled into any Court and did not update the Court or the Grand Jury to any of this substantially exculpatory material evidence as required by law and Policy. Denied me the right to be a witness and the opportunity to present evidence in Federal Court.

66. Infact when Judge Sifton granted me an opportunity to present my evidence to rebut the claims being made by the DA SAW TO IT THAT I WAS NEVER NOTIFIED BY THE Courts. Indeed I did not find out that in 1995 Judge Sifton granted me not only the opportunity to present my evidence to rebut the claims of the DA and cross-examine the DA with the evidence but Judge Sifton also granted me a compel hearing for the evidence the DA was denying me even after a Court Order to Produce, until late 2015. The DA saw it that the Courts not only never notified me but even in Pacer the documents I always saw and pulled down never gave any notice to these hearings and when I would call the Clerks would say there is no movement on your case

## CLEAR ABSENCE OF JURISDICTION

### 67. 4166/87
The DA and Judge Randolph Jackson convicted me of crimes relating to Sodomy knowing that Camille told them no Sodomy related offenses happened and I was never arrested or any Supreme Court instrument was ever issued based upon these offenses and I never allocuted guilt to this offense.

### 68. Stephanie Stevenson

The DA and Judge Randolph Jackson convicted me of crimes relating to Stephanie Stevenson when they had nothing to verify her story if a complaint was really made, never arrested me, never asking me anything, never any Supreme Court Instrument issued based on Stephanie Stevenson, and I never allocuted guilt to anything pertaining to her and no February crime date on my rap sheet.

## 69. 11047/90

The DA had no reason or evidence to charge me with Attempted Murder as they admitted in my grand Jury arraignment I did not match the height or clothing description of any shooter and I was never id. as a shooter by anyone. In addition, they knew at the time of the shooting I was in Police Custody also the gun lab report was certified incorrectly.

## SUBSTANSIVE RIGHT TO PROVE MY INNOCENCE AND\OR LIBERTIES TAKEN BY KNOWN USE OF FALSE\PERJURED TESTIMONY\ARBITRARY TREATMENT BY THE GOVERNMENT

Murray v. Carrier, 477 U. S., at 496 (exception applies when a constitutional violation has "probably resulted" in a mistaken conviction); McCleskey v. Zant, 499 U. S., at 494 (exception applies when a constitutional violation "probably has caused" a mistaken conviction).cited in Herrera v. Collins, 506 US 442

substantive due process right to be free of arbitrary government action, see Harvey v. Horan, 285 F. 3d 298, 315, 319 (CA4 2002)

Johnson v. Avery, 393 U. S. 483 (1969) (right to petition government for redress of grievances)

"The touchstone of due process is protection of the individual against arbitrary action of government," Meachum, 427 U. S., at 226 (internal quotation marks omitted); Wolff, 418 U. S., at 558; County of Sacramento v. Lewis, properly be characterized as arbitrary, or conscience shocking, in a constitutional sense," Collins v. Harker Heights, 503 U. S. 115, 128 (1992), it violates the Due Process Clause. In my view, the State's refusal to provide Osborne with access to evidence for DNA testing qualifies as arbitrary."

ABA Model Rules of Professional Conduct 3.8(g)-(h) (2008); see also Imbler v. Pachtman, 424 U. S. 409, 427, n. 25 (1976) ("[A]fter a conviction the prosecutor also is bound by the ethics of his office to inform the appropriate authority of after-acquired or other information that casts doubt upon the correctness of the conviction").

70. By denying me the opportunity to the following; oral argument, Court minutes, cross-examination of adverse witness, not being allowed to call witnesses if deemed

necessary and not being able to put admissible evidence on the record F.R.E 103, 201, SECTION 2254, Rule 8, refusal of Judicial Notice without any explanation, my 8th amendment right is being denied. I told this Court before I am a innocent man who was framed.

71. Seeing to it that 1 never have a chance in any Court to present my evidence on the record in State or Federal Court. In State Court they saw to it that all my 440 Motions were denied, and when they saw that Judge Sifton granted me hearings evidentiary and compel they saw to it that not only was I not notified but stage Pacer saw that I would never find out, and never brought me to Court for any of the hearings while 1 was under their Care, Custody and Control. This is 1995 the Hearings was granted by Judge Sifton, yet 2015 is the 1st time I found I was granted the hearings by accident. 1 explained this in my background Title of the case at the beginning of this Merits Brief.

72. All legal avenues to present my evidence that proves not only that the Police\DA knew at the time of my arrest and after that the evidence contradicted all claims made about me, so the witnesses testimony about me was never verified and proven by MATERIAL evidence, scientific, Medical and electronic, (911 tape), fingerprints, that I did not commit the crimes I was arrested\charged with and I disputed all claims I committed any crime. My substantive Due Process is right is being denied as I am being denied the right to prove my innocence by place legally admissible Court Minutes into the record that proves my innocence.

73. Under the law I have no procedural blocks for my Writ. I have been in constructive custody for 30yrs so I had to create false id, and S.S. just to work. Now as technology has caught up to me I have not worked, or made profit in5 yrs atleast.

74. Further because of not being allowed the opportunity to present my position Orally, present legally admissible evidence on the record, cross-examine my adverse witnesses with this legally admissible evidence, present witness testimony I am being denied the right to have an accurate depiction of the facts.

## NO CORRECTIVE ACTION AVAILABLE FOR ME

Stone v. Powell, 428 U.S. 465, 494 exceptions to Stone: (2) where the defendant was precluded from using a corrective process because there was an 'unconscionable breakdown in the [State's] process.'" Fernandez v. Sheahan, No. 12-CV-2735 (WFK), 2015 WL 4771958, at *10 (E.D.N.Y. Aug. 11, 2015) (quoting Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992)).

"The right of hearing under the Due process clause includes the right of each party to a

cause to introduce evidence in support of his claim or defense, to hear the evidence introduced against him, to test the same by cross-examination, the right that nothing shall be treated as evidence which is not introduced as such, and the right to make argument on both law and facts. Ex Parte Rosier, 133 F.2d 316, Powell v. Alabama, 287 U.S. 45, 68-69 ; Moore v. Dempsey, 261 U.S. 86, 92"

"Exposure of official misconduct, especially within the police department, is generally of great consequence to the public." Branton v. City of Dallas, 272 F.3d 730, 740 (5th Cir.2001); see Garcetti, 547 U.S. at 425

A statute, or injunction, is unconstitutionally vague if it " 'either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application.' " Fargo Women's Health Org., Inc. v. Lambs of Christ, 488 N.W.2d 401, 409 (N.D.1992) (quoting Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)). We stated in Fargo Women's Health, 488 N.W.2d at 409:

The purpose of the vagueness doctrine is to ensure that all "be informed as to what the state commands or forbids." Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). When so informed, people have an opportunity to conform their conduct to the law, and those who enforce the law are provided with strict guidelines for their application. Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). The prohibition against overly vague laws protects people from having to voluntarily curtail First Amendment activities because of a fear those activities could be characterized as illegal activities due to an unconstitutionally vague statute. Id.

The United States Supreme Court has recognized cross-examination is "the 'greatest legal engine ever invented for the discovery of truth.' " Lilly v. Virginia, 527 U.S. 116, 124, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (citing California v. Green, 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)).

[¶ 37]   This Court has stated: "The right [to cross-examine] is absolute and the denial of the right as to material evidence is prejudicial error requiring a new trial." State v. Bartkowski, 290 N.W.2d 218, 219 (N.D.1980) (citations omitted). The "complete denial of cross-examination" is "constitutional error of the first magnitude." Id. (citing Brookhart v. Janis, 384 U.S. 1, 3, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966)). Not only is this right guaranteed in criminal cases, it is also cognizable in civil cases. See Knoepfle v. Suko, 108 N.W.2d 456 (N.D.1961); see also Millang v. Hahn, 1998 ND 152, ¶¶ 8-9, 582 N.W.2d 665 (concluding denial of cross-examination in a remedial or punitive sanction contempt hearing is an abuse of discretion).

The right of cross-examination is more than a desirable rule of trial procedure.    It is implicit in the constitutional right of confrontation, and helps assure the "accuracy of the truth-determining process."  Dutton v. Evans, 400 U.S. 74, 89, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); Bruton v. United States, 391 U.S. 123, 135-137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).    It is, indeed, "an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal."  Pointer v. Texas, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

Impartial Tribunal. Just as in criminal and quasi-criminal cases, Tumey v. Ohio, 273 U.S. 510 (1927)); In re Murchison, 349 U.S. 133 (1955), an impartial decision maker is an essential right in civil proceedings as well. Goldberg v. Kelly, 397 U.S. 254, 271  "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law... At the same time, it preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." Marshall v. Jerrico, 446 U.S. 238, 242 (1980); Schweiker v. McClure, 456 U.S. 188, 195 (1982).

In the context of an official investigation into possible wrongdoing, a citizen has a right— and indeed, in some circumstances, a duty—to give evidence to the investigators. See, e.g., Kaluczky v. City of White Plains, 57 F.3d 202, 210 (2d Cir.1995) ("Voluntarily appearing as a witness in a public proceeding or a lawsuit is a kind of speech that is protected by the First Amendment."); 18 U.S.C. § 4 (making it a felony, "[with] knowledge of the actual commission of a [federal] felony" to "conceal[ ] . the same"). A law enforcement officer does not, by reason of his public employment, lose his civic right to give evidence. See, e.g., Dobosz v. Walsh, 892 F.2d 1135, 1141 (2d Cir.1989) (police officer "clearly was exercising his right to free speech when he cooperated with the F.B.I. and when he testified against his fellow officer in court").

A person is guilty of falsely reporting an incident in the third degree when, knowing the information reported . to be false or baseless, he . [g]ratuitously reports to a law enforcement officer or agency . false information relating to an actual offense .

N.Y. Penal Law § 240.50 (McKinney 2008). Similarly,

[a] person is guilty of offering a false instrument for filing in the second degree when, knowing that a written instrument contains a false statement or false information, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.

No evidence will on the record that is not 1st introduced as such. Ex Parte Rosier, 133 F.2d 316, Powell v. Alabama, 287 U.S. 45, 68-69 ; Moore v. Dempsey, 261 U.S. 86, 92

**75. All defendants denied me the right** as protected by the 1st amendment to expose their misconduct, and denying me the right to present legally admissible substantially exculpatory material evidence, Court minutes, 911 tape to use to cross-examine the DA's and Judge Randolph Jackson. This was done by denying me subpoena ductems, denying Federal Court Orders to produce evidence that was in their possession. This caused all my Appeals to be denied as I could not prove any of my claims. The 2nd circuit repeatedly denied me the right to supplement the record without giving any reason.

76. Then in the same Court decision state I offered no Brady material to support my claims when I did and what I could not produce was due to the defendants deliberate non-compliance with Federal Judge Sifton Court Order to Produce all Court minutes and the 911 tape

77. The DA defied the Court Order, and did not bring me to any of the scheduled hearings and more importantly did not come themselves as then Judge Sifton could not ask them about my whereabouts or why they have not complied with his Court Order

78. I was never notified I would call into the Court and be told there is no movement on my case. In 2015 by accident the Clerk compares my Pacer records with what is in the Court files and shows me that for whatever reason I have multiple missing entries, specifically the granted hearings, evidentiary and compel hearings.

79. Judge Sifton granted me the opportunity to present my evidence on the record to rebut the State's position. I was given multiple chances to appear, I alerted the Court to my whereabouts and I was under the New York State's Care, Custody and Control so I could not bring myself to Court.

80. The relevance of not bringing me to the hearings that Judge Sifton scheduled giving me the opportunity to present my Substantially exculpatory material evidence is that pursuant to 2254(e)(1) says that state court factual findings are "presumed to be correct" and can only be rebutted with clear and convincing evidence. I have this evidence to present by legally admissible evidence, NOT recanted testimony. So my Writ was going to be granted.

81. Infact to date the Defendants never denied my claims in any Court yet I never get a judgment in my favor. OR allowed to present evidence on the record and cross-examine.

## JUDGE COGAN'S PART IN THIS CONTINUING CONSPIRACY AND CONTINUING VIOLATION OF MY SUBSTANTIVE RIGHTS AND DUE

## PROCESS RIGHTS\PRIVILEGES DENIAL OF A FAIR TRIAL DUE TO A WRONG READING OF THE RECORD

82. After Judge Sifton ruling which I did not find out about for well over a year I re-filed and my papers were steered infront of Judge Cogan. For approx. 30yrs Judge Cogan sua sponte dismissed, although the law is to accept all facts as true and then see if I make a valid complaint Bell Atl. Corp. v. Twombly, 550 U.S. 54, and take notice of the evidence provided with the complaint. Roth v. Jennings, 489 F.3d 499, 509

83. In every decision Judge Cogan states I already had a hearing\opportunity to present my evidence on the record . Finally after approx. 30yrs Judge Cogan states that I did not have a hearing, but it is because Judge Sifton refused to hold a hearing. This is bellied by the record. The Pacer record clearly shows Judge Sifton scheduled the evidentiary hearing twice and each time no appearance decision reserved. Scheduled my Compel hearing then the record shows it was canceled 5 days before the scheduled hearing.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

84. This action arises under 42 U.S.C. §§ 1983, and under the

common law of the State of New York.

85. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and

1343, and by principles of pendent jurisdiction.

86. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

87. On or about Dec 30th, 2015, Plaintiff served upon Defendant City of

New York timely notice of the present claims pursuant to New York General Municipal

Law § 50-e. I was never contacted for a hearing pursuant to New York General Municipal

Law § 50-h.

88. This action has been commenced within one year of the accrual

of Plaintiff's causes of action.

35

89.    Plaintiff has duly complied with all of the conditions precedent to the commencement of this action

## STATEMENT OF JURISDICTION

90.    At all times herein mentioned, Plaintiff was a resident of the County of Kings, City and State of New York.

91.    Defendant CITY OF NEW YORK ("Defendant CITY") is a municipal corporation existing by virtue of the laws of the State of New York.

92.    The District Attorney is an agency of the Defendant CITY, and all District referred to herein were at all times relevant to this complaint its employees and agents.

93.    Defendant ("Defendant Jane Doe"), was at all relevant times a ADA employed by the NY District Attorney. She is named here in his official and personal capacities acting under "Color of law"..

94.    Defendant ("Defendant John Doe"), was at all relevant times a ADA employed by the NY District Attorney. He is named here in his personal capacities acting under "Color of law".

95.    At all times material to this Complaint, the aforementioned individual Defendants acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York, and within the scope of their

36

employment but not within their job functions.

96.    The District Attorney's Office of Kings County is an agency of Kings County, a constituent county of the City of New York, and of the State of New York.

97.    The Former District Attorney and Assistant District Attorneys of Kings County are agents and employees of both Kings County and of the City of New York.

## INVESTIGATIONS THAT HAPPENED BEFORE LOCAL COURT ARRAINGMENT

### The Investigation of the shooting at Austin Neptune 11047/90

98.    The victim in the underlying criminal case was a from my understanding was infront his house with many people playing outside and 2 shooters, 6ft tall with mask ,1 wearing blue jacket black pants and the other wearing a red jacket grey started shooting at him. Same exact description given by atleast 5 witnesses who called as the shooters ran pass their house.

99.    Detectives came on the scene and no time did they radio in a different description from what they responded on the scene initially.

100.    I was released from Police Custody an hour away while the shooting was happening; I later was arrested down the block from the scene.

101.    I was arrested by police and a gun was recovered.

Pre-arraignment Investigation

102.    Had the DA investigated the Police claims they would have known

37

the

Police was saying I did not match the description of the shooters when they were onscene. I never

matched the description nor was I ever id. as a shooter. (911 TAPE)

103.   The DA knew the evidence vindicated me and still allowed the false\perjured

testimony before the Grand Jury without correcting it or advising the Grand Jury about the

exculpatory evidence that showed I did not match the description of any shooter nor was I id. as a

shooter by anyone.

AFTER INDICTMENT

104. My Attorney repeatedly asked for fingerprint Analysis because I did not have any weapon in my possession. They never produced any fingerprint analysis

105. We requested ballistics that the gun recovered was the same that was part of the shooting. None was given. DA said bullets damaged during testing.

106. That the 911 Tape and Report proved that I did not match the description of any shooter, nor was there ever any on scene Identification made by anyone. Additionally, they conceded this in my Bail Hearing and my bail was dropped from 100k to 50k.

107. When the Prosecutor was giving the Judge the facts of the case when they said the shooters was 6ft tall the Judge look at me and said wait a minute he is

nowhere near 6ft tall. My Lawyer Dovid Klien then said your Honor nor did he match the description of the shooter or was he ID as the Shooter. The Judge looked at the DA and is this true. No response from the DA. Judge asked again, is this true he doesn't match the description of anyshooter, no response from the DA.

108. My Lawyer Dovid Klien then said he was in Police Custody at the time of the shooting. The Judge then asked what was the damages, and found out none was hurt. The Judge dropped my Bail from 100k to 50k and told my Lawyer and I quote "I expect you will be filing a Motion for your client".

109. My Attorney Dovid Klien did file a Motion that clearly stated based upon the 911 report and 911 tape not only did I not Match the description of any shooter, but there was never any  on scene  ID\ on scene or  show-up ever. I was never ID as one of the Shooters by anyone and requested to review the Grand Jury Minutes.

110. The DA then threatened to disbar Attorney Dovid Klien because of the Motion he filed with official material evidence: 911 report and tape that proved not only did I not match the description of any shooter, but there was never any  on scene  ID\Show up of any kind.

111. They (Defendants) failed to prepare any report that would reveal or draw attention to the erroneous identification.

112. Following Plaintiff s indictment, Plaintiff s counsel made a specific

request of the prosecution to disclose whether any witness had "identified anyone other than defendant or codefendant as perpetrators of the crimes charged," and to disclose "all evidence and information . . . which may tend to exculpate defendant either by an indication of his innocence, or by potential impeachment of a witness to be called by the District Attorney within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and *People v. Rosario*, 9 N.Y.2d 286 (1961)."

113. Under the *Brady* disclosure rule, the prosecution has a continuing obligation to no suppress from the Court the offering Brady material information favoring the criminal defendant in the possession, custody or control of the District Attorney's Office or the NYPD, especially where the defendant specifically demands such disclosure. In a specific-demand case, the prosecutor's failure to disclose is likely to mislead the defense into assuming that such evidence does not exist, and thus the prosecution's disclosure obligation is heightened.

114. In addition, under the related *Rosario* rule, the prosecution has an obligation to disclose and allow the defense all prior recorded statements of each of its trial witnesses, so that counsel for the accused may determine whether such statements may be used to cast doubt on the witness's testimony.

115. Following Plaintiff s indictment, Plaintiff s counsel made a specific request of the to have complaining witness id me in Court and to question how the id

was made within the meaning of Unites States v. Wade 388 U.S. 218 (1967)

116. Under WADE, the prosecution has a obligation to disclose witnesses to be cross-examined by defense as to whom they Id and the accuracy of the identification.

117. So I know had to pay Attorney Debra Hoskins. They refused to have her revisit the Motion Attorney Dovid Klien filed, to inspect grand jury minutes and dismiss indictment. So we had the WADE Hearing and had Brady material evidence consisting of the 911 tape, 911 report that proved I never matched the description of any shooter, nor was there any onscene ID of me by anyone as the shooter and my rapsheet proving I was Police Custody when the shooting occurred. We were denied the right to use this material, Brady, exculpatory evidence, to impeach the Police offer testimony.

118. This Brady, exculpatory evidence proved at the time of the shooting, I was nowhere near the scene and I did not match the description of any shooter.

119. The police testified that the only reason he approached me was because of the complaining witness testimony. The police said I was just standing on the corner doing nothing. Officer testified that I was wearing a long white T-shirt down to my knees red logo on front.

120. My clothing description in no way matched the description that the Police responded on the scene to. Descriptions that were given by 6 different witnesses whom called in to 911 as the shooting was occurring, nor did my height.

121. Under Wade, Brady and Rosario I had the right to use the 911 Tape, rapsheet to prove that I did not match the description of any shooter, that there was never any Report and on scene ID of me by anyone. To impeach the testifying officer's testimony, who by the way was the only person to testify at the Wade Hearing.

122. I was denied the opportunity to even lay a foundation in the Wade hearing to offer into evidence Brady Material that shows that I did not match the description of any shooter and at the time of the shooting I was in Police Custody

# INVESTIGATIONS THAT HAPPENED BEFORE LOCAL COURT ARRAINGMENT

The Investigation of Arrest for Rape of Camille Moreano 4166/87

123. April 15th I slept with Camille by her consent. Theo Gordon came he spoke with her while she was still in bed.

124. The next day Police came to my house claiming Camille said I beat her up, dragged her from the store 2 blocks way and raped her. They had me strip shined flashlights on me. I had no scratches. Nothing. Police asked and I told them yes I slept with Camille but did not rape her. They said they will be back.

125. The DA called me and I told them the same story. The DA called Theo because Apparently Camille told them that Theo saved her. I was there for 2 of the calls at his house by the DA. Theo told him she told him sex was by consent and that the story about him saving her and us fighting over her was a lie. Police interviewed Theo as well several times in which he told them the same thing. Theo also testified to the same at Trial.

126. 2 weeks later I was arrested. DA had in its possession their Medical Examiner report proving no force. Theo testimony that Camille said sex was by

consent and that she was lying when she told them that he saved her from me. Theo told this the DA and the Police on Several occasions before I was arrested.

127.    All evidence controverted all claims of rape. Nothing corroborated Camille claims. Police and the DA still arrested me in violation of my Due Process Rights not to be arrested absent Probable Cause, not to be arrested based upon known false\perjured testimony

## The Investigation of the Rape of Stephanie Stevenson

128. No idea what is going on. I was never arrested nor questioned about anything to do with Stephanie Stevenson. I do not believe she ever filed a complaint.

129. Due Process clearly states before I am made to appear before any Judge I must be Arrested, Finger Printed and have my Photograph taken.

130. The DA alleges that in satisfaction of the Camille indictment I plead Guilty to Stephanie as well. This is impossible as I was never arrested.

131. I even offered DNA.

132. Due Process states that I can only be arrested based upon testimony that at the time of my arrest in not controverted by the evidence. No medical evidence, Witnesses or anything corroborated the alleged testimony given, so there was no Probable Cause in the meaning of Due Process. I was never questioned and\or arrested.

133. Due Process of law states that you cannot have Probable Cause based

43

upon uncorroborated statements made by 2 individuals. Each statement by each Individual must be independently corroborated by fact\evidence outside of their own statements.

## The Habeas Corpus in Federal Court and State Court 440 Post conviction Motions

134.   I filed my Writ in Federal Court and PostConviction 440 on the grounds of Materially False testimony knowingly used against me in the Grand Jury Hearing. State Law clearly states this renders the indictment defective and until it is correct the Court is acting in excess of Jurisdiction. As well as no Probable Cause, and no jurisdiction and Brady Violations.

135.   Defects of a Jurisdictional nature survive a Guilty Plea as it is a non-waivable defect.

136.   Habeas Corpus in 1995 was filed in which the Prosecution deliberately lied to Judge Sifton stating that I was arrested for the rape of Stephanie Stevenson.

137.   This is where I 1st heard that I raped Stephanie Stevenson. My Writ had to do with Camille Moreno and the Shooting of Austin Neptune.

138.   This Writ was denied stating to exhaust my State Remedies. I subsequently filed (2) 440 Post Convictions which were denied. I was never given the evidence, Trial transcripts I requested. I was never given my Subpoena for Attorney Michael Warren as I requested. Judges decisions made no reference to the Brady Material I presented. So I had no grounds to Appeal the 440 Post Convictions as there was no record of the evidence I presented to the Court.

139.  I then filed another Writ that 1st went to Judge Izzarry whom recused herself. My Writ then went to Judge Cogan whom denied it for not alleging any Constitutional claims. I was called by someone in the Court telling me that I should check what I filed and make sure it is the same as I filed with the Court.

140.  Upon checking, indeed what I filed and was in the Court record was different. Judge Izzary had 46 pages of evidence removed. All the Constitutional violations I alleged was removed along with Trial transcripts, 911 report and my rapsheet. I immediately went to the Court and was told sometimes when the papers are scanned in pages are missed and it is a common occurrence.

141.  I filed another Writ but it was denied because I was not in Custody.

-For over 25yrs I have been filing the same exact papers and the Defendants have found a champion in Judge Cogan for he has protected them by denying my motions without a hearing.

-    I appeal and would be denied before I even file a brief BECAUSE AS I was debied the opportunity to present evidence proving the Core of my claims and denied the right to supplement the re cord without reason in the Appeals court I could prove none of my claims.

-    I finally complained and the following happened

-    Same complaint, exact same facts my Appeal was granted

-    I was granted a COA

-    I filed a motion to dismiss and the defendants never responded

-    Defendants have not responded in over 20yrs but are always personally served.

45

- 2015 I find out that Judge Sifton granted me evidentiary and compel motions as I filed motions to this effect and the defendants never notified of the hearings nor brought me to Court for my scheduled hearings as I was under the defendants Care, Custody and Control.

142.  So I have been stuck in Legal Limbo for 30yrs. My Due Process rights were being violated in New York State by Judges and the DA on my Post Conviction Motion, most recently 2013, by Judge Carroll whom directly said in his Motion that he will not overturn another Judges decision.

143. So until the Court of Appeals 2nd Circuit Decision stating that in this Circuit you do not have to 1st overturn your conviction to seek relief under USC 1983 as long as you are not in Custody, I was in Legal Limbo. *Marcos POVENTUD, Plaintiff-Appellant, v. CITY OF NEW YORK; Robert T. Johnson, in his official capacity as District Attorney for Bronx County; Frankie Rosado, Kenneth Umlauft, Christopher Dolan, and Daniel Toohey, individually and as members of the New York City Police Department, Defendants–Appellees. Docket No. 12–1011–cv. Decided: April 19, 2013*

144.  I was denied Without a Hearing in both 11047/90 and 4166/87 Post Conviction, CPL 440 Motions 3x. The 2nd Circuit ruled this is a denial of Due Process and a Unreasonable Determination.

## Refusal of  Access to Stenographer to purchase Trial Transcripts and witnesses removed from the Court Record

145.  From 1991 to Present I have been requesting access to Court Stenographer Barbara Stroh to purchase trial transcripts. I ordered the Raw Stenographer Notes. They have refused to give me access to her. I tried Subpoenas

in both State and Federal Courts. Motions to Compel etc. Since this is Court records I could not put in a FOIL request. Court records do not fall under FOIL. As the Stenographer at that time did not ever transcribe the requested Stenographer Notes I could not put a Motion in to for the Transcripts. So my only recourse is to somehow get access to the Court Stenographer Barbra Stroh and have her transcribe her Notes and I pay her for them. These Notes are Material as they will prove the following:

1. Judge Jackson told the Jury anytime a man and women have sex absent wedlock is the crime of rape in New York in his Jury Instruction.

2. Attorney Michael Warren told the DA when Stephanie name came up if you feel Mr. George committed a crime file a complaint Stephanie Stevenson Mother is in the Court right their next to Mrs. George file a complaint. We were all minors so needed Parents Consent for everything. I had to waive my Parents to speak to the Police and DA.

3. Grand Jury minutes in both cases indict 4166\87 and 11047\90 and grand jury arraignment minutes case 11047/90.

## **FACTS COMMON TO BOTH INDICTMENTS**

146. Knowingly use of Material false testimony\evidence used in investigation phase seeking to find out if probable exist that I commit the crime in the Pre-arraignment phase and before the Grand Jury renders the Indictment Jurisdictional Defective and once discovered by the Prosecution they are preceding in excess of Jurisdiction and violating my Due Process Rights, until defect is cured.

147. Gun Lab Report not certified in according to Rodney J renders the Indictment a legal Nullity and the Prosecution is acting in excess of Jurisdiction and violating my Due Process Rights until the Indictment is corrected.

148. Due Process Violation they suppress Material Brady Material from being entered into the Record.

149. Denied the right to purchase trial transcripts and denied subpoenas to prove elements of my complaint.

150. Due Process Violation to deny me the right to lay a foundation to Offer to the Judge to put Material Brady Material into evidence. The denial of the right to offer putting Brady Material into evidence would leave a record that is reviewable of the evidence.

151. Denial of Due Process to remove Material Brady Material from Court File and or Record.

152. Denial of Due Process for the Judge in its decision not to state what evidence or that you presented evidence to the Court in its decision.

153. At pre-trial and trial in both cases, the only evidence presented by the Prosecution was Evidence they knew was false before my arrest because they had their Medical Examiner Report and on several occasions interviewed Theo Gordon and Julian Best before my arrest. They both testified at Trial.

154. Plaintiff had been incarcerated for nearly two years since his arrest, including four years since his conviction.

155. The Evidence inculpated someone else in the case of the shooting (Indict 11047/90)

## BRADY MATERIAL SUPRESSED IN BOTH CASES

*We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material*

*either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland 373 U.S. 83*

156.   I was denied the opportunity to offer to the Court Brady Material to put on record in my Post Conviction for Stephanie Stevenson my Rapsheet proving that I never was arrested not questioned for any crime. DA said there was no Medical Evidence. The law is clear that I cannot be charged with a crime absent an arrest. So I could not have been indicted. This is a direct Brady Violation. I made the request to use Brady Material when I filed my Post Conviction Motions to the Court and in Federal Court Writ. I filed the evidence as Exhibits in my Motions. I was never given a evidentiary hearing. Always denied without a hearing. With no mention of the evidence I filed with the Court, so I could not get any Appellate Review.

Evidence\Facts not on the record in the lower Court cannot be 1st raised on Appeal.

(a) Since I was never arrested, there is no way I could have been arraigned and\or charged. Notwithstanding they Originally said I was Arrested to Federal Judge Sifton.

(b) Since I was not arrested why would Attorney Michael Warren file a Motion to Sever? He would lack Jurisdiction to, it would be premature.

(c) The fact that I was never arrested proves everything from the Severance Motion to a Judge Granting is a lie. The DA made the Documents up, and I stated this in my 440 as well as other things.

(d) They denied all of my Subpoenas to bring Attorney Michael Warren in Court because they knew they did. What Attorney would have me Plea to a Complaint I was never questioned or Arrested for? That would be Malpractice.

(e) Suppressed everything, all substantially material exculpatory evidence.

157.    I was denied the opportunity to offer to the Court Brady Material to put on record in my Post Conviction for Camille Moreno the fact that Theo Gordon testified, Julian Best Testified and the DA Medical Examiner. They all testified that there was no force and in the case of Theo Gordon he testified that Camille was lying that he saved her from me. All evidence directly controverted all Camille's claims of rape and the ME  was the DA's own witness. . I made the request to use Brady Material when I filed my Post Conviction Motions to the Court and in Federal Court Writ. I filed the evidence as Exhibits in my Motions. I was never given a evidentiary hearing. Always denied without a hearing. With no mention of the evidence I filed with the Court, so I could not get any Appellate Review. Evidence\Facts not on the record in the lower Court cannot be 1st raised on Appeal.

(a) The DA removed from the Court file as witness their Medical Examiner, Theo Gordon and Julian Best.

(b) Had I not purchased these Trial Minutes with the Exception of Julian Best which I *did not purchase I would have absolutely no evidence to prove my claims against Camille Moreno.*

158.    I was denied the opportunity to offer to the Court Brady Material to put on record in my Post Conviction for Camille Moreno the fact that the Evidence showed that Cammile testified in the Grand Jury that I beat her up and raped her and she fought me every step of the way. The DA had all of the evidence in paragraph 78 - 98 above before I was arrested. So they knew her testimony was False yet still brought it before the Court and Charged me. This was proven when Attorney Michael Warren was trying to Cross examine Camille on what she told the Grand Jury and she admitted and testified to the fact she never submitted and she fought me until the bitter end until Theo came and saved her. Never submission because of alleged threats of violence or gang rape. I made the request to use Brady

50

Material when I filed my Post Conviction Motions to the Court and in Federal Court Writ. I filed the evidence as Exhibits in my Motions. I was never given a evidentiary hearing. Always denied without a hearing. With no mention of the evidence I filed with the Court, so I could not get any Appellate Review. Evidence\Facts no on the record in the lower Court cannot be 1st raised on Appeal.

159.    I was denied the opportunity to offer to the Court evidence to put on record in my Post Conviction for the Attempted Murder Indictment 11047/90 the 911 tape and record that would have shown I did not match the description of any shooter nor was there any onscene Identification any anyone of me as the shooter. Nor was I allowed to offer into evidence my Rapsheet that would have shown at the time of the shooting I was in Police Custody.

### Plaintiff's Injuries and Damages

160. As a direct, proximate, and reasonably foreseeable consequence of the aforementioned actions by the defendants, plaintiff:

a.    Was denied his state and federal constitutional rights and liberties;

b.    Was repeatedly subjected to fighting off sexual assaults at knife point, including anal and oral sodomy, and physical beatings;

c.    Several occasions sustained life threatening injuries while fighting off sexual assaults that required immediate outside Medical attention.

d.    Stabbed in head

e.    Stabbed in spine

51

f.  Cut in neck nearly severing artery

g.  Cut in face twice

h.  Cut in back of neck nearly severing artery

i.  Was further traumatized by witnessing sexual and physical assaults on other inmates;

j.  Traumatized by living around men dressed and acting as women

k.  Was so distraught that he tried to kill himself;

l.  Suffered severe mental, emotional, and physical distress;

m.  Suffered permanent mental, emotional, and physical injuries and impairments;

n.  Was denied the opportunity to pursue normal relationships with and to enjoy the companionship of family members and friends;

o.  Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

p.  Denied the right to purse employment of choice.

q.  Suffered lost wages and permanent impairment of earning capacity; and

Incurred other items of attendant damages.

-   I still get job offer but I cannot take them as it will be the same thing

52

over and over again. I will work and after 2 – 3 months loose the job due to my background.

- This is how is has been since 1988

- So I had to work under fake names. So I have no SS to get, no pensions, nothing due to these illegal charges

- Have no Health Benefits. Real insurance not Medicaid.

- As I have no money I have tenants not paying and I have no money to get them out.

r. Cannot have any Security Clearance titles\Certifications

s. Denied the right to purchase trial transcripts to further prove my claims.

t. Denied equal application of law, equal protection of law, equal enforcement of law.

u. Could finish education in England

v. No real health Care Insurance due to loss of jobs because of background, so I cannot give my son the special care that he needs nor real diagnosis of what is wrong.

- Mother currently on welfare because of my loss of income
- Son has Medicaid not real insurance due to my loss of income
- Because of my background and Loss of income cannot adopt so our son can consistently be around someone his age to learn from.

w. Watching White Captains with Black Babies with nooses around their neck

tattooed on their arms was extremely traumatizing.

x. Suffered lost wages and permanent impairment of earning capacity; and Incurred other items of attendant damages.

- Never walked any of my kids to school or helped with homework

- Could never spend time with my kids as due to my background could not find employment in NY under my name so had to work out of state all over the place.

- Have a son that since I wasn't around to raise him he now violates every religious right and believe that I have so I don't want to see him.

- Given Parole restriction I cannot see my son without a family court order due to rape conviction endangering the welfare of a child.

- Good friends are now enemies due to broken promises as I was not around due to illegal incarceration

- Cannot pay back money owed to mother-in-law 65k due to loss of income as cannot pass background checks

- Constant arguments in house with common-in-law due to loss of income, not being able to do my part to help Autistic son, not being able to have another child, or adopt a child due to my financial situation.

- Worst of all I lost myself. I am not the same person who went in. I was robbed of my own will and sense

- Started me major problems with Cisco Corporation as I nearly made them loose a major contract with Merryl lynch as I was the head guy doing Unity but did not know I would be fingerprinted. Once I was fingerprinted then EVERYONE knew about me. Not only did I embarrass

54

Cisco but now that they knew what my background was I was shunned on everything. So everything I trained for over 20yrs of my life went out the window in that moment.

- Then as word leaked out of my background among contractors slowly I was turned away from all work unless I took slave wages, and this was rarely.

- Could not work on school projects as well as even remotely, you are not physically onsite they still require background checks to which I will not pass due to these false charges on me.

- Did not have money to transfer my brother to a real Cancer facility for care so I had to hear about his slow agonizing death. On his death bed asking for money I did not have the money or time to see him off as I just started working and you guessed it my background cost me the job.

- Past and future mental emotional and mental suffering

- Diminished future income earnings

- Taught me love of prostitutes these ways never have to worry about a girl make false allegations against me again.

- Scared to be out in public, especially at night, because I know even though you have proof that you didn't do anything the Prosecutions will make it disappear.

- As I was not around to contribute financial support for my daughters they had to leave NY where her mother's boyfriend repeatedly molested her.

- Due to drain of financial resources lost 815 Utica avenue,

55

Brooklyn Ny a million dollar commercial property

- Could not be in the military

## **FIRST CAUSE OF ACTION**

(Griffin\Braman\Costanza\martinez\kelly\Sabariego\Bailey\Bingham\Medina\Guntlow\ Cole\Feng Li\Shane\Wong Su\ALVAREZ\PELCHAT\Chambers\Goldberg\Lee\Triad\Leather\Huang ex rel. Yu\ Brady\Wyatt\Poventud\Newton\Zahrey\Ricciuti\Valles\Morse\Illionis\Warney\Newberry\Lopez\ Yarris\Schneyder\Malicious Prosecution\False\perjured Statements\misrepresentation\suppression\bad-faith destruction of exculpatory evidence\Under State Law, denied right to be a witness to expose official misconduct, denied opportunity to present evidence and cross-examination; All Defendants acting under color of law and in their individual capacities)

161.  Plaintiff repeats and realleges each and every allegation

contained in, paragraphs 1 through 125 of this Complaint that

Defendants had a meeting of the minds and violated my

Federal Constitutional rights without granting me meaningful

Substantive Due Process under Due Process Clause and

actually committed the overact by denying me access to

substantially exculpatory evidence and withholding me from

scheduled Court hearings while I was under their Care,

Custody and Control so I would not be able to present my

exculpatory evidence to the Court as well as denying me any

Post Conviction proceedings without a hearing, allow known

false evidence to be before the Court and used without

alerting the Court to its falsehood in both State and Federal

Court. Denying me the opportunity to present this evidence

that was all legally admissible and proved the core of my

claims.

162.  By virtue of the foregoing, the Individual Defendants, acting in

concert with each other and with additional persons for whose acts they are

liable, initiated, continued, and/or caused the initiation or continuation of,

criminal proceedings against Plaintiff.

163.  The criminal proceedings sentence in all cases has been served until

their maximum sentence. I am no longer in State Custody.

164.  Defendants doing everything in their power to see to it that I never have

a hearing in State Court and Federal Court. Specifically, by denying my subpoenas

and 440 without a hearing and to see to it that I cannot get higher judicial review

they would say I allege Brady Violations but bring no evidence of such. So they

would say I show now evidence when I filed evidence by way of 911 report,

medical reports, testimony etc. In Federal Court they would block my access to

notification of hearings and not bring to the same scheduled hearings, specifically

my evidentiary hearing and compel hearing, while I was under their Care, Custody

and Control so I would be unable to have my materially exculpatory evidence

presented to Judge Sifton. Judge Sifton then denied my habeas corpus according to

statue as I was not made available nor my evidence made available due to others

and\or another, named and unnamed, known and unknown, who with malice,

deliberately while I was in their Care, Custody and Control denied me access\participation into my own evidentiary and Compel hearings.

165.   In Federal Court Defendants had me under their Care, Custody and Control and never brought me to any scheduled hearing by Judge Sifton. Specifically, my evidentiary hearing and my Compel hearings that were granted. This was done as all evidence I had proved that they were once again knowingly, and intentionally presenting false claims and\or affidavits to the Court and my Writ would have been granted by law

166.   That Defendants actions of suppressing and bad-faith destroying evidence from the Court Record in State and Federal Court. Misrepresentation of facts and evidence in State and Federal Court made it impossible for me as a matter of law to have my convictions overturned.

167.   There was no probable cause for the commencement or the continuation of the criminal proceedings.

168.   I have a right to bring to the Court my grievances and have them heard and defendants acting in concert gave me hearings that denied me meaningful Due Process of Law because I choose to continue fighting to prove my innocence and claims Constitutional Violations.

169.   The Defendants acted with actual malice.

58

170.  I have the right to have exculpatory evidence preserved.

171.  I have the right to have exculpatory given to me upon request.

172.  Defendant City of New York is liable under the principle of *respondeat superior*.

## SECOND CAUSE OF ACTION

(Intentional Infliction of Emotional Distress Under State Law; All Defendants)

173.  Plaintiff repeats and realleges each and every allegation contained in ,paragraph 1 through 172 of this Complaint.

174.  Defendants engaged in a continuous pattern of extreme and outrageous conduct, with deliberate indifference directed at Plaintiff that exposes me to substantial risk of serious harm, irreparable injury that continues presently.

175.  Defendants engaged in that pattern of conduct with an intention to cause, or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

176.  Specifically, defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, while acting in an investigative or administrative capacity, coerced witnesses into making false statements to be used against Plaintiff, created false official records to be used against Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against

Plaintiff while lacking probable cause to do so, abused judicial process in order to gain unlawful custody of and to coerce witnesses to make false statements against Plaintiff and commit perjury at Plaintiff's trial, suppressed *Brady, Giglio,* and *Rosario* material before, during the Grand Jury, attempted to cover up and conceal their misconduct, and repeatedly and continually lied to and defrauded every court to review Plaintiff's conviction concerning the existence of evidence favorable to Plaintiff and their past misconduct.

177.    Plaintiff suffered severe emotional distress as a result of, and that was proximately caused by, the Defendants' aforementioned actions.

178.    By virtue of the foregoing, Plaintiff suffered the actual damages identified in 124.

179.    Defendant City of New York is liable under the principle of *respondeat superior.*

## THIRD CAUSE OF ACTION

(Triad\Colon\Board of Educ.\Abuse of Process Under State Law; All Defendants)

180.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 179 of this Complaint.

181.    Defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, employed regularly issued criminal

legal process against Plaintiff for no justification and for a improper purpose. All defendants, employs regularly issued legal process to compel performance or forbearance of some act, initiated a criminal proceeding against me based upon testimony\evidence they knew were false\perjured that there was no probable cause for my arrest. The aimed to be achieve was a collateral purpose beyond or in addition to my criminal prosecution They did this with no justification for an improper purpose.

### **Indict 4166\87**

182.   -Camille told the Police that I beat her up and raped her and Theo came in and saved her ad no sodomy occurred. Camille told the same thing to the Grand Jury and in trial

183.   - Before I was arrested the DA and Police spoke with Theo and he told them Camille was lying and she told him sex was by consent. Theo testified to the same in Court.

184.   -Before I was arrest the DA's own Medical Examiner, the Same Medical Examiner they lied and told Judge Sifton did not exist, told them after a thorough examination he found no bruising, no laceration even around the Vaginal area. There was no rape.

Testified to the same at Trial. Infact the DA conceded in trial that the only way this could be possible is if Camille just let it happen. This is exactly what Camille said did not happen.

185.   -All evidence directly contradicted what Camille said and proved what I always said. There was no rape and no probable Cause to arrest me. I was convicted for Sodomy and Attempted Sodomy and endangering the welfare of a child.

186.   -Forgetting about the fact that Camille said herself none of this ever happened but none of these charges are lesser included offenses. I was never arrested for sny of these charges nor put on Notice. The 1st thing ATT. Michael Warren did was object to these charges because of no notice and Judge Jackson overruled and declined putting this objection on the record.

### Indict 11047/90

187.   -The DA had in its possession the following Brady Material, exculpatory evidence that they saw to it that would not be entered into evidence, and the Judges in their 440 Post Conviction decisions deliberately did not mention. That the 911 Tape and Report proved that I did not match the description of any shooter, nor was there ever any on scene Identification made by anyone.

188. - Additionally they conceded this in my arraignment hearing and my bail was dropped from 100k to 50k. When the Prosecutor was giving the Judge the facts of the case when they said the shooters was 6ft tall the Judge look at me and said wait a minute he is nowhere near 6ft tall. (11047/90)

189. -My Lawyer Dovid Klien then said your Honor nor did he match the description of the shooter or nor was he ID as the Shooter. The Judge looked at the DA and is this true. No response from the DA. Judge asked again, is this true he doesn't match the description of any shooter, no response from the DA. My Lawyer Dovid Klien then said he was in Police Custody at the time of the shooting.

190. -The Judge then asked what was the damages, and found out none was hurt. The Judge dropped my Bail from 100k to 50k and told my Lawyer and I quote "I expect you will be filing a Motion for your client".

191. -My Attorney Dovid Klien did file a Motion that clearly stated based upon the 911 report and 911 tape not only did I not Match the description of any shooter, but there was never any on

scene ID on scene show-up ever. I was never ID as one of the Shooters by anyone and requested to review the Grand Jury Minutes.

192.   -I asked him why the Motion does not contain the fact that I was in Police Custody. Mr. Klien said he will bring it up during the Motion hearing because under the Law he has to give them time to verify.

193.   -Subsequently I was told by the Prison to call my Lawyer and it was important. I called him and Mr. Klien told me he could no longer represent me and that the DA is threatening to have him disbarred for the Motion he filed to dismiss my case.

194.   -I never heard from him again and I then hired Attorney Debra Hoskins. She tried in my Wade hearing to Lay a foundation to enter the 911 Report and Tape and the fact that I was Police Custody proof by way of my Rapsheet into Court Record\Evidence, this Brady, exculpatory Material Evidence and all was denied by Judge Douglas.

195.   -So it was not ever in the record, as him denying entrance of putting the Brady Material on the record, Nor did Ms. Hoskins get the chance to ask to have it entered into Evidence. This

evidence directly impeached the Testimony being given by the

Officer whom testified the only reason he came in my direction was

because of what was told to him by the complaining witness.

196.   -Also the Lab report for the recovered gun was certified

incorrectly and the Court of Appeals ruled until the DA the report

corrected the indictment, the Court lacked jurisdiction over you.

Along with every Judges Denial in the Post Conviction without a

hearing, and deliberately being Silent about the contents of this Brady

Material.

197.   -So I could not even Appeal the denial of the 440 as they

stage the record that I have no Material Official evidence to put on

the record. So because of illegal legal maneuvering I have evidence

in my possession for nearly 30yrs that has not been heard or offered

or denied being offered on the record in any Court. In bringing this

case the District Attorney's Office and causing that Office to initiate a

prosecution, they then failed to disclose the false identification,

or/and denied me the right of Brady Material even offered to be put

into evidence record, Plaintiff Plead guilty, and causing Plaintiff to

be sent away to State prison. (4166\87 & 11047/90)

198.   -When the District Attorney's Office ultimately learned

about the withheld Brady material, it had an obligation to disclose it
and to remedy the injustice caused by its previous suppression.
Instead, it first tried to cover it up. When this proved impossible, it
then prolonged Plaintiff s incarceration by relying on these
knowingly false claims.

199.   -Indeed, not only did they get rid of my Attorney Dovid
Klien by threatening to disbar him for Offering the Brady Material,
Official proof that I wasn't not the Shooter and the Prosecution knew
this but still charged me with the crime that if convicted could put me
away for 25yrs in State Prison.

200.   -The obligation to disclose material evidence favorable
to the defense under Brady extends to the government, or to the
prosecuting entity, as a whole. The duty to disclose Brady material
belongs to the State, the duty is not limited to the individual
prosecutor assigned to a case. The State ordinarily acts through the
assigned prosecutor, but if that prosecutor fails to carry out the State's
duty to disclose, the State's duty does not cease to exist- it is
"ongoing" even after trial.

201.   -Similarly, even where the prosecuting attorney is
unaware that testimony he has presented at trial is false, so long as

"another government attorney knows about the false testimony and no steps are taken to correct it," the defendant's due process rights are violated.

202.   -The obligation belongs not just to the assigned prosecutor, but "broadly to the sovereign and its agents. Such a duty applies with even more force to personnel in the prosecutor's office itself, such as other ADAs, who (like the police officers) are not assigned to prosecute the case, but are aware of the Brady material. District Attorneys have no constitutional obligation to train ADAs in their Brady obligations because all prosecutors, unlike police, are presumed to know their ethical responsibilities.

203.   -Subsequently I repeatedly tried to gain access to my minutes for both cases to have a lawyer review so I could seek judicial review via a 440 and after an Appeal if unsuccessful. The DA ignored all request. I made no FOIL request as FOIL does not apply to Court Minutes under the law back then.

204.   -I then sued in Federal Court under cv-95-1786 and Judge Sifton order all evidence for both 4166\87 & 11047\90. DA defied this Order. I then filed for and evidentiary hearing and a Compel hearing. Both was granted by Judge Sifton. The following

events occurred thereafter and I did not find out until 2015:

205.   Defendants had other and\or another create a Pacer profile that never updated. So for over 20yrs whenever I look into Pacer I would never see any status. I would be told the same thing when calling into the Court. I would be told nothing new.

206.   Come late 2015 acting belligerent in the Court the Clerk takes my Pacer doc and compares it to what he has and immediately tells me something is definitely wrong. My Pacer doc shows no movement for over 25 yrs. Court records shows that not only was I granted hearings on both my Evidentiary and Compel Motions, but I never showed up. The Court record clearly indicates that I alerted the Court that I was in Jail. But Defendants never brought me to Court.

207.   Defendants then had other and\or another in Eastern District edit the Court files stating that My Writ filed and the response was lost. The Court of Appeals then sent my case back down to the District Court request the missing files. The District Court never contacted me for copies. I just sent the Court of Appeals all of the missing files, but my motions are missing pages.

208.   Defendants and others and\or another protecting them did everything in their power and for approx 25 yrs successfully did,

kept me in the dark about what was going causing me to have my Writ denied as I was deliberately by defendants not brought to Court so I could not present exculpatory evidence on the record that proves they are lying on me. My evidence directly rebutted all the Defendants Claims.

209.   Defendants actions caused me lost of liberties without any legal justification, without Due Process of Law, without meaningful Due Process of Law.

210.   Not 1 Defendants action was in compliance or acting\following lawful procedures when denying me exculpatory material, even after Judges gave Orders to provide it. Suppression of evidence from the Grand Jury and the Court. Misrepresentation of evidence to the Court. Defendants destroying, causing spoliation of materially exculpatory evidence when Judges Orders demanded they be preserved and made available for production to the Court and myself.

211.   During this time I filed numerous Post Conviction 440 motions also requesting the trial transcripts, grand jury minutes and\or Court minutes in both 11047/90 and 4166/87 and all hearing denied without holding any hearings and deny my subpoenas.

**Stephaine Stevenson**

212.    DA claims I plead Guilty to the rape of Stephanie Stevenson.

213.    -DA told Federal Judge Sifton that I was arrested for raping her.

214.    -I presented my rap sheet proving this never happened. Never questioned. This has never been challenged.

215.    -Years later the DA changed their testimony to now say it was a secret Indictment. The law is clear that you cannot stand before any Judge absent a arrest and when secret Indictment happens, the Judge Must issue a warrant for your arrest, in which you must be re-photographed, re-fingerprinted and then brought before the Court NY CPL 210.10.(3).

216.    -In my Plea allocution I was not asked 1 question about Stephanie Stevenson.

217.    -No medical evidence as I have stated let's do a DNA test

218.    -No medical report as according to the DA Stephanie never went to the Doctor.

219.    -Nothing outside of Stephanie Stevenson alleged

complaint corroborating her alleged story. It is my position she never told the DA this. Stephanie Mother was in my trial with my mother. In trial after the miss-trial was declared and her name came up, Attorney Michael Warren told the DA Stephanie Stevenson mother is sitting next to Ms. George file a complaint now if you feel he did something to her daughter.

220.    Defendants then illegally violated me for the sole purpose that I would not be in the street to continue collecting my Court Transcripts, which where materially exculpatory evidence. Indeed even with Court Order and a Motion to Compel, defendants still defied normal legal process, that they agreed to provide\obey, never objected, withheld this evidence to become unavailable. Spoliation. Destroyed.

221.    Defendants used such process in a perverted manner to obtain a collateral objective outside the legitimate ends of the process used, namely, to gain unlawful, coercive custody of the aforementioned individuals, who otherwise had no obligation to appear at the BDAO and had refused or failed to do so, in order to intimidate them into giving false statements against Plaintiff which the Defendants knew, believed, and intended would later be used in court against Plaintiff at his criminal trial, and which were so used.

71

222.    Defendants did so with an intent to do harm to Plaintiff, with actual malice, and without excuse or justification and improper purpose. To have me convicted of Crimes that would stop me from having a real job, stop me from being gainfully employed, thus increasing the odds I commit crimes for additional money to feed my kids and support them and myself. This would then send me back to prison where the jobs I could not obtain due to my back ground would be no issue in jail paying me next to nothing. Thus working as a employee for CorCraft where the jail and\or State makes a profit of my Services. Furthermore, the Federal government pays a certain amount of monies for each incarcerated individual. Additionally, more inmates means more jails. Building jails in communities that the majority was on welfare. Now a jail is built, you give them jobs, taking them off welfare, and now Supermarkets, Casino's come in. Now you have tax revenue being collected from this community. Based upon my illegal arrest based on known false\perjured testimony evidence.

223.    By virtue of the foregoing, Plaintiff was caused the actual and special damages identified in paragraph 121.

224.    Defendant City of New York is liable under the principle of respondent superior.


## FOURTH CAUSE OF ACTION

(Actual and Constructive Fraud Under State Law; all Defendants and City of New York)

72

225.   Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 224 of this Complaint.

226.   Defendants in secret, with the intent to defraud, communicating via telecommunication equipment, came up with a plan to have me rely on the letter of the law to free myself from these illegal convictions, that Court Officers cannot knowingly make perjured\false presentation of testimony\evidence and to derail this they made representations of material "fact" which were false, and known to be false by Defendants, for the purpose of inducing other parties, including Plaintiff, to rely upon such false representations, and the other parties did so rely, in ignorance of the falsity of such representations, thereby causing Plaintiff's injuries alleged in paragraph 124.

227.   Specifically, Defendants made, caused to be made, acted in concert or conspired to make, and/or aided or abetted one another to make, representations as to material facts which were false, and known to be false by Defendants, to wit, the representations by Defendants in their sworn Criminal Court complaint set forth false affirmations and affidavits of Defendants caused to be made and submitted to the court, the false business records Defendants caused to filed with the D.A.'s office, Police Department, and Probation Department claiming that I tried to Murder anyone, that I committed Sex Crimes against anyone.

228.  Furthermore, Defendants made various representations of

material fact to Plaintiff, to BDAO supervisors, and/or to courts, that the

following documents or categories of documents related to Plaintiff s criminal

prosecution did not exist in the files of the BDAO:

a.  911 tape(11047/90)

b.  DA's Medical Examiner Theo Gordon Julian Best testimony(4166\87) all exculpatory in nature

c.  Motion to compel evidence in cases 4166\87 & 11047\90

229.  The aforementioned statements, made by the Defendants personally

and/or at their indifference to their truth or falsity or to their misleading

nature.

230.  The statements were made by Defendants (or at their

direction) for the purpose of inducing other parties, including various

courts, Defendants' supervisors, and/or Plaintiff, to rely upon such false

representations,  and such parties rightfully  did so rely, in ignorance

of the falsity of such representations, and to Plaintiff s detriment.

231.  The Defendants employed by the BDAO had a

fiduciary, confidential, and special relationship with and duty to

Plaintiff, arising out of their special status under the law as officers

of the court, the absolute deference and trust that courts give to

their factual representations concerning the possession or control

by the BDAO of *Brady* material, their strict legal duty under the Constitution and the laws of the United States and the State of New York to fully and accurately disclose such material, and Plaintiff s entitlement to rely upon the accuracy and the completeness of such disclosures, to make accurate and complete disclosures so that Plaintiff would not be misled as to the existence or non-existence of such materials and whether to file legal actions for redress of violations of his constitutional rights.

232.    Plaintiff was entitled to rely, and foreseeably did rely, upon defendants to faithfully carry out their aforementioned duties and on defendants' factual representations.

233.    Defendants' aforementioned conduct caused or perpetuated the Plaintiff s injuries and damages as alleged in ,182, *supra*, by knowingly, willfully, intentionally, recklessly, and/or negligently depriving him, or delaying his acquisition, of information to which he was legally entitled and by causing him to believe that such information did not or might not exist, and, as a result, by causing him to delay for many years the filing of his State "440" motion to vacate his conviction and Federal motion for a writ of habeas corpus.

75

234. Defendant City of New York is liable under the principle of *respondeat superior*.

# FIFTH CAUSE OF ACTION

## (Crawford\Negligent Misrepresentation Under State Law; all Defendants and City of New York)

235. Plaintiff repeats and realleges each and every allegation contained in **paragrah** 1 through 234 of this Complaint.

236. Defendants had a duty, as a result of their special relationship with Plaintiff, and because Plaintiff was in their Custody to give Plaintiff and others correct information.

237. Defendants made false representations to Plaintiff and others that Defendants

Knew or should have known were incorrect, including, but not limited to, the false representations that the BDAO did not possess the records Plaintiff had specifically requested .

238. Defendants' false representations were made for the purpose of inducing other parties, including Plaintiff, other prosecutors, and various State and Federal courts, to rely upon such false representations.

239. Defendants knew that the information supplied in their representations was desired by Plaintiff, and others, for a serious purpose, specifically, to challenge all Plaintiff s convictions and/or to

comply with or rule upon Plaintiff's request for access to *Brady* material.

240.   Plaintiff and others, including other prosecutors, and various State and Federal courts, intended to rely and act upon Defendants' representations, and did in fact reasonably rely on those representations, in ignorance of the falsity of such representations.

241.   Defendants' aforementioned conduct caused or perpetuated Plaintiff's injuries as alleged in paragraph 124, *supra*, by causing the wrongful continuation of his criminal conviction,  his imprisonment, and his related damages, by causing him to incur substantial legal fees, by depriving him of the employment income he would have been able to earn had he not been convicted and imprisoned, and by depriving him, or delaying his acquisition, of information favorable to his defense to which he was entitled under the Constitutions and the laws of the State of New York and of the United States and which was necessary for him to successfully litigate his motions to vacate his  conviction.

## SIXTH CAUSE OF ACTION

(42 U.S.C. §1983; Denial Of Meaningful Due Process, Substantive Due Process And A Fair Under the First, Fourth, Fifth, Sixth and Fourteenth Amendments; Malicious Prosecution and Deprivation of Liberty Under the Fourth, Fifth, Eighth and Fourteenth Amendments; all Defendants)

242.   Plaintiff repeats and realleges each and every allegation contained in paragraph I through 241 in this complaint.

243.   Defendants knowingly and willfully manufactured, or caused the manufacturing of, a false written statement, which they prepared and improperly based upon known false testimony\evidence. Then had me indicted based upon this known false testimony\evidence.

244.   They knew that the statement would, and caused the statement to, be relied upon by the BDAO and the court as a basis to arrest Plaintiff, to formally initiate his prosecution, to hold him for trial with excessive bail that I could not make.

245.   In the case of Indictment 416/87 not only was I convicted for Sodomy crimes when Camille said herself to the Police Grand Jury and in trial this never happened. But somehow I was convicted of a Sex Crime against Stephanie Stevenson when I was never arrested, never questioned, never plead guilty to anything having to do with her.

246.   How is it even possible that I had a meaningful hearing with a Motion to dismiss indictment filed by Att. Michael Warren when Camille told the Grand Jury and the Jury there was no Sodomy

yet I was convicted on these charges(4166\87)

247.    The DA then claimed that Att. Michael Warren put in a severance motion for Stephanie and Camille. I was never arrested for anything to do with Stephanie so how\why would Att. Michael Warren have to file a severance motion for charges for charges that never existed.(4166/87)

248.    The DA OWN Medical Examiner told Defendants Camille testimony is not supported by the evidence. She was lying. After a thorough examination no signs of force anywhere even in the vaginal area.

249.    Theo Gordon told the Police and the DA on numerous occasions that Camille testimony that he came in and saved Camille from me was a lie. Camille told him sex was consensual. They knew all of this before I was arrested. Nothing corroborated Camille's claims as required by law in State and Federal Jurisdiction. (4166/87)

250.    Indictment 11047/90 Defendants always knew the following and admitted to it in my Grand jury arraignment hearing:

- I never matched the description of any shooter

- I was never id by anyone as a shooter

- The 911 report and tape proves all of this.

- My lawyer Att. Dovid Klein put the Defendants on notice that at the time of the shooting I was in Police Custody\Companionship. I was never arrested for any charge.

- None of this has ever been disputed in any Court.

- This is why in my WADE hearing they did not allow me to use the 911 tape, 911 report, and\or rapsheet to dispute claims that I matched the description of anyshooter or that at the time of the shooting I was on the scene. The 991 tape and report has people from the safety of their homes all giving the exact same description and the 911 tape the Police confirm it with the Complaining witness and they say it on tape.

- Defendants then threaten to disbar Att. Dovid Klein if he proceeds with my Motion to inspect and dismiss the Grand Jury Indictment. So the Defendants got rid of my Attorney that I fully paid for without cause.

- In both indictments Defendants knowing the testimony that I committed any crime was false in both cases still

used this false evidence to have me indicted and obtain affidavits from the Court justifying he Courts continuing hold on me based on evidence they knew was perjured\false.

- Defendants never updated the Court to this known false testimony\evidence as required by the Constitution.

- Then in my 440 proceedings Defendants denied me the right to subpoena Att. Michael Warren and would dismiss my Post Conviction Motion without a hearing. Then to see to it I would be denied a meaningful Appellate review the Orders would say I allege Brady Violations but offer no evidence in support.

- In all cases I was indicted based upon non-waiveable-jurisdictional Defects. The Courts lacked Jurisdiction over me.

251.   The aforesaid conduct, which Defendants committed in concert with and in aid of each other, a meeting of the minds, and/or in concert or conspiracy with others named and unnamed, operated to deprive Plaintiff of his rights under the Constitution and the Laws of the United States:

a.  Not to be arrested, indicted, prosecuted, detained, convicted, or imprisoned based upon false, fabricated, manufactured, misleading, or inherently unreliable "evidence," including the statements and testimony of witnesses who have been improperly influenced, coerced, or manipulated to provide such statements and testimony, in violation of the Due Process and Fair Trial Clauses of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution;

b.  Not to be deprived of his liberty absent probable cause to believe he has committed a crime or based upon known false\perjured testimony, in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and

c.  To timely disclosure of all material evidence favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*,. 405 U.S. 150 (1972), and their progeny, and the Due Process and Fair Trial Clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Disclosure that they agreed to. Never objected to providing what was asked to present.

d.  Not to suppress evidence before the Grand Jury that is a complete defense negagating the fact I committed any crime. PEOPLE v. VALLES, 62 N.Y.2d 36 (1984)

e.  Not to destroy exculpatory material in bad Faith, Illinois v. Fisher, 540 U.S. 544-. There was an existing Court Order from Judge Sifton to produce all evidence. All Court minutes for all cases. The defendants agreed and then never produced anything. Then allowed the evidence to be

82

destroyed. Spoilation. United States v. Garza, 435
F.3d 73, 75–76, Warney v. Monroe County, 587
F.3d 113 (2d Cir. 2009), Yarris v. County of
Delaware, 465 F.3d 129, 136-39, People v.
Newberry,166 Ill.2d 310, 652 N.E.2d 288 (1995);,
Illinois v. Fisher, 540 U.S. 544, State v. Lopez, 156
Ariz. 573, 754 P.2d 300

f.    The right to have a Lawyer of your own choosing
when you are paying for the Lawyer. 6th
Amendment.

252.   The foregoing violations of Plaintiff s federal constitutional rights by

the Defendants and their co-conspirators and accomplices, known and unknown,

directly, substantially, proximately, and foreseeable caused the initiation and

continuation of Plaintiff's criminal prosecution, his loss of liberty and detention

without bail, his wrongful conviction, his subsequent imprisonment, and his other

injuries and damages.

253.   The foregoing violations of Plaintiff s rights amounted to
Constitutional torts and

were affected by actions taken under color of State law, and not within the scope

of the Defendants' employment and authority.

254.   Defendants committed the foregoing violations of Plaintiff s

Substantive rights knowingly, intentionally, willfully, recklessly, and/or with

deliberate indifference to Plaintiff s constitutional rights or to the effect of

such misconduct upon Plaintiff's constitutional rights.

255.   By reason of the foregoing, the Defendants are liable to Plaintiff,

pursuant to 42

U.S.C. § 1983, for compensatory and for punitive damages.

## SEVENTH CAUSE OF ACTION

(42 U.S.C. §1983; Denial Of Due Process,
substantive Due Process And A Fair Trial Under
the Fifth, Sixth and Fourteenth Amendments;
Malicious Prosecution, Abuse of Process, and
Deprivation of Liberty Under the First, Fourth, Fifth,
Sixth, and Fourteenth Amendments; All Defendants

256.   Plaintiff repeats and realleges each and every allegation contained

in paragraph 1 through 255 as if fully set forth herein.

257.   Knowing that any colorable cause to continue the prosecution had

evaporated, All Defendants, in the capacity of an investigator or "witness," acted

in concert and conspired with others and\or another, named and unnamed, known

and unknown to use any means, no matter how unlawful or coercive, to cover-up

the fact from the Court that the evidence proved that the Defendants knew before

my arrest and before calling a Grand Jury to convene that the evidence being used

to justify the Courts hold on me was false\perjured.

258.   These illegal and unconstitutional means included, but were not
limited to,

a.     Abusing judicial process by misusing the court's
power to hold me convene a Grand Jury Hearing
based upon evidence\testimony the Defendants knew
was false.

b.     Abusing judicial process by deceiving the court into issuing

84

"orders to produce" and to have me in Court based upon charges the Defendants knew or should have known was based on false\perjured testimony during the investigation phase.

c.  Personally, attesting to "facts" which they knew were untrue in order to deceive the court into issue orders authorizing them to take custody of me.

d.  Seizing me Defendants' custody without lawful authority; or Jurisdiction over me.

e.  Causing me to be illegally administratively revoked by the State Department of Corrections so that he would be imprisoned and made vulnerable to coercion, and

f.  Destruction of material exculpatory evidence in bad-faith to cover up what happened to me

g.  This Duty to not intentionally use materially false testimony\evidence as a cause to have me indicted, not to suppress Substantive materially exculpatory material from the Court, not to suppress complete defenses from the Grand Jury that the evidence supports, not destroy materially exculpatory evidence in Bad Faith, extends to the Prosecuting entity as a whole, including, but not limited to ADA not assigned to the case, so long as some government attorney knows of the materially exculpatory evidence.

259.  These lawless actions foreseeable caused the aforementioned witnesses to manufacture false evidence which Defendants then used to continue Plaintiff's malicious prosecution, without probable cause, and to bring about his false conviction.

260.  To cover up his criminally coercive tactics, Defendants, again in

his capacity as an "investigator," and/or a complaining witness, acted in concert with others in the BDAO to manufacture false documents, and to file them with the BDAO, the NYPD, and the N.Y.C. Probation Department, representing that I could not see my son due to the endanger the welfare of a child charge and then locked me up on the charge of menacing with a gun Karen Macey when the Defendants knew this was not true because she 1st told Parole we was arguing over our son then by the time it got into the BDAO hands it was Menacing with a gun..

261.    Jane Doe and\or John Doe, who no longer was assigned to the prosecution of Plaintiff and was acting purely as a "fact" or complaining witness, provided false statements to ADA Amy Applebaum, the prosecutor now assigned to respond to Plaintiff s motion for a new trial, in a successful effort to cover up her and previous defendants, previous misconduct in coercing witnesses, deceiving the court, defense, and jury, and withholding *Brady* and *Rosario* material, destroying exculpatory material in bad-faith, and to convince the BDAO to oppose Plaintiff s meritorious motion to overturn his conviction. Then memorialized these false statements in a sworn affirmation knowing it would be used to defeat Plaintiff s motion to overturn his conviction, and it was so used, causing Plaintiff to serve additional years in prison.

262.    Additionally, defendants, acting in an investigative or administrative capacity, had a duty to Plaintiff to carry out the Office's

86

ongoing obligation, pursuant to the Due Process Clause of the Constitution

and *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose, upon Plaintiff s

request, documents and information favorable to Plaintiff with respect to

his criminal prosecution and conviction. Nevertheless, acting in concert

with defendants, said defendants knowingly, willfully, recklessly, and/or

with deliberate indifference to their Constitutional and statutory obligations,

failed to disclose said documents and information to Plaintiff, and to the

Court, and when Defendants became aware by virtue of me serving them

with this exculpatory evidence they had others or another remove this

evidence from Court files and told the Court of Appeals these records was

missing, never notified me of anything, then to see to it that none will ever

see this material exculpatory evidence, they never brought me to Court for

any scheduled hearings, and had others and\or another change my Pacer

access view so I for 25yrs never saw any updates just the denials,  thereby

substantially delaying Plaintiff s efforts to overturn his wrongful conviction

and prolonging his prosecution and imprisonment.

263.   The aforesaid conduct operated to deprive Plaintiff of his

rights under the Constitution and the Laws of the United States and

denial of Substantive Due Process Rights:

a.   Not to be arrested, indicted, prosecuted, detained, convicted, or
imprisoned based upon false, fabricated, manufactured,

87

misleading, or inherently unreliable "evidence," including the statements and testimony of witnesses who have been improperly influenced, coerced, or manipulated to provide such statements and testimony, in violation of the Fourth and Fourteenth Amendments, and the Due Process and Fair Trial Clauses of the Fifth, Sixth and Fourteenth Amendments, to the United States Constitution;

b.   Not to be deprived of his liberty absent probable cause to believe he has committed a crime, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution; and

c.   To timely disclosure of all material evidence favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*,. 405 U.S. 150 (1972), and their progeny, and the Due Process and Fair Trial Clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

d.   No Destruction of material exculpatory evidence in bad-faith to cover up what happened to me. People v. Valles, 62 N.Y.2d 36 (1984)

e.   This Duty to not intentionally use materially false testimony\evidence as a cause to have me indicted, not to suppress materially exculpatory material from the Court, not to suppress complete defenses from the Grand Jury that the evidence supports, People v. Valles, 62 N.Y.2d 36 (1984), not destroy materially exculpatory evidence in Bad Faith, extends to the Prosecuting entity as a whole, including, but not limited to ADA not assigned to the case, so long as some government attorney knows of the materially exculpatory evidence. *Spurlock v. Thompson*, 330 F.3d 791, 799-801, *Zahrey v. Coffey*, 221 F.3d 342, 349-50, Anderson v. Branen, 17F.3d 552, 557 (2d Cir. 1994)(citations omitted), citing O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988). See, e.g., Ricciuti v. N.Y.C. Tr. Auth., 124 F.3d 123, 129 (2d Cir. 1997) ("[f]ailure to intercede to prevent an unlawful arrest"); Steidl v. Fermon, 494 F.3d at 631-32, citing Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir.

1988)(supervisor has liability for failing to intercede to prevent constitutional injury)

f.    Not to be held in Court without Jurisdiction. Triad Energy Corp. v. McNell 110 F.R.D. 382

264.    The foregoing violations of Plaintiff s federal constitutional rights by the Defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately, and foreseeably caused the continuation of Plaintiff s malicious prosecution without probable cause, his wrongful conviction, his subsequent imprisonment, the defeat and delay of his efforts to overturn his wrongful conviction, and his other injuries and damages.

265.    The foregoing violations of Plaintiff s rights amounted to Constitutional torts and were affected by actions taken under color of State law, and not within the scope of the Defendants's employment and authority.

266.    Defendants committed the foregoing violations of Plaintiff s rights knowingly, intentionally, willfully, recklessly, negligently, and/or with deliberate indifference to Plaintiff s constitutional rights or to the effect of such misconduct upon Plaintiff s constitutional rights.

267.    By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

89

## EIGHTH CAUSE OF ACTION

*(Monell,* Askins /Newton/*42* U.S.C. § 1983:
Claim Against Defendant City of New York
For The Actions Of The NYPD)

268.  Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 267 as if fully set forth herein.

269.  The foregoing violations of Plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to Defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

270.  Prior to Plaintiff's arrest, policymaking officials at the NYPD and BDAO, with deliberate indifference to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all criminal suspects and defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning:

a.   The use of excessive promises of rewards and unduly coercive interrogation techniques with vulnerable potential witnesses, including drug users and addicts, drug dealers, and/or individuals fearing prosecution and imprisonment for their own criminal behavior;

b.   The determination of probable cause to make an arrest; and

c.   The continuing duty of police investigators to preserve and to make timely disclosure to the District Attorney, during criminal investigations and prosecutions, of all material evidence or information ( *"Brady* material") favorable to a person suspected, accused or convicted of criminal conduct, including, but not limited to, evidence of innocence, evidence that an identifying or prosecution witness is unreliable or lacks general credibility, evidence that a prosecution witness has made inconsistent statements about material facts, and evidence that a prosecution witnesses has a motive, bias or interest affecting his credibility or has been pressured or coerced, so that the District Attorney could comply with his constitutional obligation to disclose such information to the defense under *Brady.*

d.   •   22-year-old Darryl "Black" Rush – released for DA concealing evidence\Prosecutor Misconduct

e.   •   Jabbar Collins 08-CV-1359 – released for DA concealing evidence\Prosecutor Misconduct. DA refused to give the 911 tape from evidence. Samething was done to me.

f.   •   John Flemings–– released for DA concealing evidence\Prosecutor Misconduct. DA did not let the alibi proof come into evidence that he was in Florida at the time of the shooting. Samething was done to me. The DA would not let me

enter evidence my rap sheet proving and that at the time of the shooting I was in Law Enforcement companionship\company.

g.  •      Michael Waite – released for DA concealing evidence\Prosecutor Misconduct

h.      • David McCallum – released for DA concealing evidence\Prosecutor Misconduct

i.  Paul Newton Docket No. 11-2610-cv – Case in Point-DA claims the DNA results are lost – released. Also, eye witness against him in rape. Me never was any Medical record or DNA yet claim I was convicted but I never was questioned, arrested or allocated guilt. (Stephanie Stevenson). Had I been given the minutes I was seeking, paid for and also Ordered by the Court I would have proven this never happened and her own mother was in Court and told the Court in my trial "I spoke to my daughter he never did anything to her". Att. Michael Warren stated "If you feel Mr. George did anything to Stephanie charge him, her mother is sitting right there next to Mrs. George."

j.  Alvarez v. Ercole, 763 F. 3d 223- case in point. Petitioner writ was grantedbecause he was denied the right to use evidence to suggest that the crime was committed by someone else on cross. Me on the other hand denied to present evidence that proves I did not commit any crime on cross.

k.  Zahrey v. Martin E. Coffey, 221 F.3d 342 – case in point. Fabrication of evidence by Official during the investigation phase and using this known fabricated evidence to keep me under the jurisdiction of the Court.

l.  Majority of above case\People, are just like myself, convicted in Kings County, because of the DA concealing evidence and failing to correct the Court about false\perjured evidence before it.

271.   With respect to "a" and "c" in the preceding paragraph, prior to Plaintiff's arrest and the initiation of his prosecution in 1987 & 1990, the NYPD provided no training at all.

272.   The aforesaid deliberate or *defacto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police Commissioner, who knew (or should have known):

a)    to a moral certainty that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases;

b)    that such issues either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations as well as the incentives that police employees have to make the wrong choice; and

c)    that the wrong choice by such employees concerning such issues will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause

them constitutional injury.

273.  The aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraph based upon, among other circumstances:

*Zahrey v. City of New York, et al.*, 98 Civ. 4546 (DLP) (S.D.N.Y.), establishing, prior to and during the time period of Plaintiff's arrest and prosecution, the NYPD provided no training concerning appropriate interrogation of accomplice or informant witnesses and *Brady* compliance. Most such witnesses had no idea what *"Brady"* was and no clue about their obligation to comply with it.

a)  credible allegations, many substantiated by judicial decisions finding, that NYPD officers had wrongfully withheld material evidence or knowingly given false or misleading testimony *(see* Exh. F appended hereto and incorporated herein by reference, listing some of those decisions);

b)  civil lawsuits, some of which resulted in substantial civil settlements, credibly alleging that police had falsified, exaggerated, or withheld material evidence, or conducted searches or arrests without probable cause *(see* Exh. G appended hereto and incorporated herein by reference, listing some of those lawsuits);

c)  numerous decisions of the United States Supreme Court, the United States Court of Appeals for the Second Circuit, the New York Court of Appeals, and the New York Appellate Division, discussing the difficult issues that regularly arise under *Brady* as well as the probable cause requirement of the Fourth Amendment;

d)  judicial decisions directly criticizing the NYPD for failing to train and supervise officers in their *Brady* obligations and for failing to adopt adequate *Brady* disclosure policies,

*see Carter v. Harrison*, 612 F. Supp. 749 (E.D.N.Y. 1985) (McLaughlin, D.J., adopting the Report and Recommendation of then Magistrate Shira A. Scheindlin), and putting the NYPD on notice that the City could be held liable for its failure to adequately train police officers and investigators regarding their obligations to provide truthful testimony and to disclose evidence that favors criminal defendants under under *Brady, see Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992), and *Carter v. Harrison, supra;*

e)    formal reports of the N.Y.C. Comptroller's Office and the Bar Association of the City of New York criticizing the NYPD and the N.Y.C. Law Department for failing to follow up substantial civil settlements for police misconduct with disciplinary or other remedial action; and

f)    the inherent obviousness of the need to train, supervise and discipline police officers in such obligations to counteract the pressure on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

274.    Under the principles of municipal liability for federal civil rights violations, the City's Police Commissioner (or his authorized delegates), has final responsibility for training, instructing, supervising, and disciplining police personnel with respect to the investigation and prosecution of criminal matters, including constitutional requirements governing the interrogation of witnesses, the initiation of criminal prosecutions, and the disclosure of *Brady* material and non-destruction of destruction of Brady material that is Court Ordered to be produced.

275.    The Police Commissioner, personally and/or through his

authorized delegates, at all relevant times had final authority, and constitutes

a City policymaker for whom the City is liable, with respect to compliance

by NYPD employees with the above-mentioned constitutional requirements.

276.   During all times material to this Complaint, the Police

Commissioner owed a duty to the public at large and to Plaintiff, which he

knowingly and intentionally breached, or to which he was deliberately

indifferent, to implement policies, procedures, customs, practices, training and

discipline sufficient to prevent or deter conduct by his subordinates violating

the aforementioned constitutional rights of criminal suspects or defendants and

of other members of the public.

277.   The aforesaid policies, procedures, regulations, practices and/or

customs of Defendant City and the NYPD were collectively and individually a

substantial factor in bringing about the aforesaid violations by the Individual

Police Defendants of Plaintiff's rights under the Constitution and laws of the

United States.

**278.**   By virtue of the foregoing, Defendant City of New York is

liable for having substantially caused the foregoing violations of

Plaintiff's constitutional rights and his constitutional injuries.

### NINTH CAUSE OF ACTION

*(Monell/*Askins/Newton/ *42* U.S.C. § 1983
Claim Against Defendant City Of New

96

York For Actions Of The BDAO)

279.  Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 243 and 278 as if fully set forth herein.

280.  At the time of Plaintiff s original prosecution, and continuing until the Federal Court's dismissal of Plaintiff s case and his release from prison, District Attorney Charles J. Hynes, as the manager and chief administrator of the BDAO, a City agency, maintained a policy, custom and/or practice of deliberate indifference to violations by his employees of the constitutional rights of individuals who were investigated and criminally prosecuted in Kings County, including, but not limited to, abuse of process, manufacturing of false evidence and testimony through improper coercion of witnesses, *Brady* violations, reliance on false or misleading evidence and argument before the Grand Jury ("the policy"), and bad-faith destruction of materially exculpatory evidence and covering up the same.

281.  This policy began with his induction as District Attorney in 1980 and has continued to this day.

282.  The policy permits, encourages, or acquiesces in the commission of, constitutional violations of the rights of suspects and defendants by prosecutors, detective-investigators, and NYPD detectives working with the

D.A.'s Office, particularly in high profile or serious cases where arrest and conviction is most desired by the Office. The policy led directly to the violations of Plaintiff s constitutional rights before and during his trial, his wrongful conviction, and the subsequent cover-up of police and prosecutors' wrongdoing, which greatly prolonged Plaintiff s wrongful imprisonment and other damages.

283.    Under the principles of municipal liability for federal civil rights violations, the City's Municipality (or his authorized delegates), has final responsibility for training, instructing, supervising, and disciplining police personnel with respect to the investigation and prosecution of criminal matters, including constitutional requirements governing the interrogation of witnesses, the initiation of criminal prosecutions, and the disclosure of *Brady* material and non-destruction of destruction of Brady material that is Court Ordered to be produced.

284.    More specifically, it was the policy of Hynes to directly encourage, or be indifferent to and thereby indirectly encourage, prosecutors, detective-investigators, and NYPD detectives working with them to abuse lawful process to gain custody of vulnerable witnesses in order to coerce them into giving inherently unreliable or false testimony favorable to prosecution. The above law enforcement officials would use the following illegal tactics to cover-up their

wrong doings;

    a.    Issuing unauthorized and unlawful Affidavits justifying probable cause based on know false\perjured testimony\evidences despite numerous judicial decisions making clear that such process was unlawful;

    b.    Lying to courts about the materially exculpatory evidence claiming non-exist or just not bringing it to the Courts attention even when ordered to by the Court.

    c.    Causing the New York State Division of Parole and the State Department of Corrections to illegally revoke the release of prisoners so that prosecutors could gain custody of them and threaten them so defendant cannot get access to material exculpatory evidence.

    d.    Coercing witnesses to make statements\testify to things that are untrue or was not claimed before to support the DA's theory of a crime.

    e.    See Monique Ferrell Affirmation in Opposition to Plaintiff s CPL § 440.10 Motion, dated Nov. 3, 2006, ,41 (Office's "usual practice" is to notify the Division of Parole that a parolee or inmate on work release is not cooperating so that it will take him into custody and make him "available," terming this an "[e]ntirely routine practice"); Ferrell, Supplemental Affirmation dated Nov. 9, 2006, ,12 ("practice of this Office" to notify a supervising agency when a parolee "misses appointments and refuses to cooperate").

    f.    •    22-year-old Darryl "Black" Rush – released for DA concealing evidence\Prosecutor Misconduct